OPINION *Page 2 
{¶ 1} Plaintiff-Appellant, Ola Bird, appeals the judgment of the Allen County Court of Common Pleas affirming the administrative decision of Defendant-Appellee, the Ohio Department of Job and Family Services (hereinafter "ODJFS"), terminating her Medicaid benefits. On appeal, Bird asserts that the trial court erred when it failed to apply the appropriate Ohio Administrative Code sections and Federal Regulations to the facts of the case and when it held that the Deficit Reduction Act was not retroactively applied. Based upon the following, we reverse and remand the decision of the trial court with instructions.
 {¶ 2} The parties have stipulated that Bird reported she was born at her family's Nevada home on October 31, 1942; that ODJFS spoke to the Office of Vital Statistics in Nevada and was informed that there was no birth verification on record for Bird, but that it is possible her birth may not have been recorded; and, that Bird's friend, Debra Nowlin, testified that she met Bird in 1971 and worked with her for various periods of time until the present.
 {¶ 3} On March 14, 2006, Bird applied for Medicaid[1] at ODJFS, providing an invalid social security number. On May 5, 2006, ODJFS denied Bird's application because it could not verify her social security number or her citizenship. Bird appealed ODJFS's decision and, later that month, a state hearing *Page 3 
was conducted. On May 30, 2006, the state hearing officer sustained Bird's appeal and ordered ODJFS to assist Bird in obtaining verification of her birth and in applying for a social security card. ODJFS was unsuccessful in obtaining Bird's birth verification.
 {¶ 4} On June 7, 2006, ODJFS again denied Bird's application, on the basis that it still could not obtain verification of her birth or a valid social security number. Thereafter, Bird appealed for a second time.
 {¶ 5} On July 19, 2006, the state hearing officer sustained Bird's appeal, ordering ODJFS to accept her documentation of citizenship and proffered social security number, restore all lost benefits, and to redetermine her eligibility for Medicaid, retroactive to her March 14, 2006 application. The decision stated that "this Hearing Officer finds the appellant has supplied sufficient verification of citizenship and SSN at this time." (July 19, 2006 State Hearing Decision, p. 4). Thereafter, ODJFS authorized Medicaid from December 1, 2005 through July 31, 2006; however, on July 31, 2006, ODJFS denied Bird's March 14, 2006 application due to her failure to verify her social security number. Bird appealed for a third time and also applied for a social security number, which the social security administration denied.
 {¶ 6} On October 17, 2006, a state hearing officer found that the July 31, 2006 termination was in error because ODJFS had failed to give Bird prior notice *Page 4 
concerning the termination of her benefits. The state hearing officer ordered ODJFS to reinstate her benefits back to the date of termination, July 31, 2006. Thereafter, on October 23, 2006, ODJFS proposed terminating Bird's Medicaid for failure to verify citizenship or provide a social security number. Subsequently, Bird appealed for a fourth time.
 {¶ 7} On November 28, 2006, a state hearing was held on Bird's appeal from ODJFS's October 23, 2006 proposed termination of her Medicaid benefits. The state hearing officer overruled Bird's appeal, finding that ODJFS was correct in terminating her Medicaid benefits because she could not provide birth verification or a valid social security number. Thereafter, Bird administratively appealed this decision.
 {¶ 8} On December 11, 2006, an administrative appeal officer overruled Bird's appeal, finding that ODJFS appropriately reviewed her eligibility for Medicaid based on her failure to provide birth verification or a valid social security number. Thereafter, Bird appealed the administrative decision to the Allen County Court of Common Pleas. In Bird's reply brief she argued, in part, that:
 O.A.C. § 5101:1-38-02(C)(2) provides that U.S. citizens are only required to provide "one time documentation of their citizenship." On July 19, 2006, the [state hearing officer] directed [ODJFS] to accept the documents which Ms. Bird provided as proof of her citizenship and Social Security number * * *. Since Ms. Bird proved her citizenship and Social Security *Page 5 number on July 19, 2006, [ODJFS] should not have required her to do so a second time.
 {¶ 9} In July 2008, the trial court issued a decision affirming the administrative decision of December 11, 2006, finding that the decision was supported by reliable, probative, and substantial evidence. The trial court's decision did not address the issue of whether Bird provided "one time documentation" of her citizenship or had shown a good faith effort to present satisfactory evidence of her citizenship or birth and identity pursuant to Ohio Adm. Code 5101:1-38-02(C)(2).
 {¶ 10} It is from this judgment that Bird appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I WHETHER THE TRIAL COURT FAILED TO APPLY OHIO ADMINISTRATIVE CODE SECTION 5101:1-38-02(D) TO THE FACTS OF THIS CASE.
 Assignment of Error No. II WHETHER THE TRIAL COURT FAILED TO APPLY 42 CODE OF FEDERAL REGULATIONS SECTION 435.910 AND OHIO ADMINISTRATIVE CODE SECTION 5101:1-38-02.1 TO THE FACTS OF THIS CASE.
 Assignment of Error No. III WHETHER THE TRIAL COURT ERRED WHEN IT HELD THAT THE DEFICIT REDUCTION ACT WAS NOT RETROACTIVELY APPLIED. *Page 6 
 {¶ 11} The following standard of review applies throughout.
 Standard of Review {¶ 12} R.C. 119.12 governs appeals from an agency's decision to the court of common pleas, providing that "[t]he [trial] court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and any additional evidence the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with the law. In the absence of this finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative and substantial evidence and is in accordance with law."
 {¶ 13} This Court's review of the trial court's decision on questions of fact is limited to determining if the trial court abused its discretion. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621,1993-Ohio-122. Furthermore, an appellate court may not determine the weight to be given the evidence. See Rossford Exempted Village SchoolDist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707. Accordingly, absent an abuse of discretion by the trial court, this Court must affirm the trial court's judgment. Pons, supra. However, on questions of law, the trial court may not exercise discretion and the appellate court's review is plenary. Kohls v. Perry Cty. Bd. of MentalRetardation Dev. Disabilities, 10th Dist. No. 94APE01-122,1994 WL 530296. *Page 7 
 Assignment of Error No. I {¶ 14} In her first assignment of error, Bird argues that the trial court erred when it failed to apply Ohio Adm. Code 5101:1-38-02(D) to the facts of this case. Specifically, Bird contends that the "fail safe" protections of this section, for individuals who may not have birth certificates or other documents, should have been applied to her. We disagree.
 {¶ 15} Ohio Adm. Code 5101:1-38-02(D)(9) provides:
 The administrative agency must allow the individual a reasonable opportunity to obtain verifications and resolve discrepancies prior to an eligibility determination. Reasonable opportunity must not exceed time limits established for timely determination of eligibility as defined in rule 5101:1-38-02.1 of the Administrative Code. When evidence conflicts, the decision must be based on the strongest evidence. When absolute proof is not available, the eligibility determination is based on the best possible evidence.
 (a) The administrative agency must not deny or terminate medical assistance when verifications are not available and self-declaration is not acceptable; however, the administrative agency shall accept a signed affidavit from the individual, a third-party statement, a notarized statement, or the statement on the application form, if the information is consistent with other facts or statements. Refer to paragraph (C)(2)(b)(xxi) [sic] of this rule for documenting citizenship through an affidavit.
 (b) The administrative agency must exhaust all reasonable possibilities for verification before accepting any of the statements mentioned in paragraph (D)(9)(a) of this rule. When the normal sources of verification have been exhausted and no documentation can be obtained, the administrative agency may accept the statement if such statements are complete and consistent with other facts and statements. The use of a statement should be on a case-by-case basis when no other *Page 8 approach is possible and shall be used only in rare circumstances.
 {¶ 16} If an applicant seeks verification via affidavit, the following rule applies pursuant to Ohio Adm. Code 5101:1-38-02(C)(2):
 (2) Citizenship-all individuals, who are applying for or receiving medical assistance and stating they are U.S. citizens or nationals, must provide one-time documentation of their citizenship in accordance with section 6036 of the Deficit Reduction Act of 2005 Pub.L. No. 109-171 (2/08/2006).
 * * *
 (a) If none of the documents from paragraph (C)(2)(a) of this rule is available, the administrative agency shall verify U.S. citizenship using a combination of one birth or nationality document from paragraph (C)(2)(b) of this rule and one identity document from paragraph (C)(2)(c) of this rule. Although some documents may be listed as both birth and nationality documents and identity documents, a document may only be used to satisfy either birth and nationality or identity, not both. A birth or nationality document or an identity document alone does not satisfy the citizenship documentation requirement. Birth or nationality shall be documented using an item from the following hierarchical list:
 * * *
 (xxvi) Affidavits made under penalty of perjury. The affidavits do not need to be notarized. Affidavits may be used only in rare circumstances when the state is unable to secure evidence of citizenship from another listing. If the documentation requirement needs to be met through affidavits, the following rules apply:
 (b) There must be at least two affidavits by people who have personal knowledge of the event(s) establishing the individual's claim of citizenship. The two affidavits could be combined in a joint affidavit. At least one of the persons making the affidavit cannot be related to the individual and neither person can be the individual;
 (c) Persons making the affidavit must be able to provide proof of their own citizenship and identity. If the *Page 9 persons making the affidavit have information which explains why documentary evidence establishing the individual's claim of citizenship does not exist or cannot be readily obtained, the affidavit should contain this information as well;
 {¶ 17} Finally, Ohio Adm. Code 5101:1-38-02(B)(8) defines "personal knowledge" as "first-hand knowledge of circumstances of an event. A person verifying an event, based on personal knowledge, should be able to share such details as when and where the event occurred, who was involved and whether there were any special circumstances surrounding the event."
 {¶ 18} Here, as the trial court noted, the state hearing officer determined that the single affidavit provided in support of Bird was from a person who "would have no personal knowledge of the `events [i.e. (Ms. Bird's) birth in 1942] establishing the individual's claim of citizenship.'" The trial court concluded that this determination was supported by reliable, probative, and substantial evidence. As Nowlin's affidavit did not demonstrate any personal knowledge of the events of Bird's birth, the trial court did not abuse its discretion in finding that Bird did not qualify under this "fail-safe" exception to the verification requirement. Thus, the trial court appropriately applied Ohio Adm. Code 5101:1-38-02(C), (D), and its decision to deny Bird's application for failure to verify her birth or social security number was supported by reliable, probative, and substantial evidence.
 {¶ 19} Accordingly, we overrule Bird's first assignment of error. *Page 10 
 Assignment of Error No. II {¶ 20} In her second assignment of error, Bird argues that the trial court erred when it failed to apply Section 435.910, Title 42, C.F.R., and Ohio Adm. Code 5101:1-38-02.1 to the facts of this case. Specifically, Bird contends that ODJFS has not provided her with assistance in obtaining documents demonstrating her citizenship as required by Ohio Adm. Code 5101:1-38-02.1(C)(3)(b) and Section 435.910(e)(2), Title 42, C.F.R. We disagree.
 {¶ 21} It is axiomatic that, if the language of a statute is plain and unambiguous, and conveys a clear and definite meaning, there is no need for a court to apply further rules of statutory interpretation.State v. Siferd, 151 Ohio App.3d 103, 117, 2002-Ohio-6801. Words and phrases must be read in context and given their usual, normal, and/or customary meanings. R.C. 1.42; Proctor v. Kardassilaris,115 Ohio St.3d 71, 2007-Ohio-4838, ¶ 12. However, "[i]t is an axiom of judicial interpretation that statutes be construed to avoid unreasonable or absurd consequences." State ex rel. Cook v. Seneca Cty. Bd. ofCommrs., 175 Ohio App.3d 721, 2008-Ohio-736, ¶ 28, quoting State ex rel.Dispatch Printing Co. v. Wells (1985), 18 Ohio St.3d 382, 384.
 {¶ 22} Ohio Adm. Code 5101:1-38-02.1(C)(3)(b) discusses the social security number requirements for Medicaid benefits, providing that:
 (C) Administrative agency responsibilities. *Page 11 
 * * *
 (3) If the individual cannot recall or has not been issued a social security number, the administrative agency shall:
 * * *
 (b) Assist the individual in completing an application for a social security number, and in obtaining the evidence required under SSA regulations to establish the age, citizenship or alien status, and the true identity of the individual[.] * * *
Section 435.910(e)(2), Title 42, C.F.R., similarly provides that:
 (e) If an applicant cannot recall his SSN or SSNs or has not been issued a SSN the agency must —
 (1) Assist the applicant in completing an application for a SSN;
 (2) Obtain evidence required under SSA regulations to establish the age, the citizenship or alien status, and the true identity of the applicant[.] * * *
 {¶ 23} Bird contends that the preceding section of the Ohio Administrative Code provides that ODJFS must obtain the citizenship documents required for her to acquire a social security number. However, a plain reading of the Ohio code section is that it does not require an agency to obtain required documents for an applicant, but only requires the agency to assist the applicant in obtaining the evidence required to establish eligibility for a social security number. Further, the federal regulation must be similarly interpreted, as requiring an agency to obtain such documents would be an impossible task in situations where no such documents exist. See Seneca Cty. Bd. of Commrs., supra. Under Bird's suggested interpretation, an agency would unreasonably be required to obtain evidence to establish citizenship even for non-citizens seeking Medicaid. Here, ODJFS *Page 12 
contacted the Nevada Office of Vital Statistics, and was informed that there was no record of Bird's birth. Additionally, the record does not demonstrate that Bird suggested any other avenues to ODJFS for obtaining the necessary evidence. Therefore, we find that the trial court did not abuse its discretion in finding that ODJFS complied with Ohio Adm. Code 101:1-38-02.1(C)(3)(b) and Section 435.910(e)(2), Title 42, C.F.R.
 {¶ 24} Accordingly, we overrule Bird's second assignment of error.
 Assignment of Error No. III {¶ 25} In her third assignment of error, Bird argues that the trial court erred as a matter of law when it held that the Deficit Reduction Act was not retroactively applied to her. Specifically, Bird contends that the Ohio Constitution and federal and state case law prohibit the type of retroactive application of law applied by ODJFS. Additionally, Bird claims that, pursuant to Ohio Adm. Code 5101:1-38-02(C)(2), she is no longer required to provide documentation of her citizenship, because on July 19, 2006, a state hearing officer found that she had supplied sufficient verification of her citizenship and directed ODJFS to accept such verification.
 {¶ 26} In her retroactivity argument, Bird points to the fact that she applied for Medicaid on March 14, 2006. She then cites to Ohio Adm. Code 101:1-38-01(K)(5), which provides for redeterminations of Medicaid approvals every twelve *Page 13 
months, unless ODJFS has a "reasonable belief that circumstances have changed that may affect eligibility." Bird claims that, due to this fact, her case should not have been reviewed on October 23, 2006, but on March 14, 2007. The State contends that Bird's argument is moot. We agree with the State and find this argument moot.
 {¶ 27} The issue before this Court is not Bird's eligibility on October 23, 2006, but her eligibility on March 14, 2007, because she received Medicaid benefits prior to March 14, 2007, and continued to receive them after that date during the pendency of this appeal because the trial court issued a stay of ODJFS's proposed termination. As such, Bird's retroactivity argument is moot.
 {¶ 28} We next turn to Bird's argument that she is no longer required to provide documentation of her citizenship. Ohio Adm. Code 101:1-38-02(C)(2) provides, in part:
 (C) Verification of all eligibility factors, including changes, is required to establish initial and ongoing eligibility for a medical assistance program. These requirements include:
 * * *
 (2) Citizenship-all individuals, who are applying for or receiving medical assistance and stating they are U.S. citizens or nationals, must provide one-time documentation of their citizenship in accordance with section 6036 of the Deficit Reduction Act of 2005 Pub.L. No. 109-171 (2/08/2006). * * * An individual who is already receiving medicaid will remain eligible if the individual continuously shows a good faith effort to present satisfactory evidence of citizenship or birth and identity. * * * *Page 14 
 {¶ 29} Here, Bird also claims that she provided "one-time documentation" of her citizenship on July 19, 2006, when the state hearing officer found that she had supplied sufficient verification of her citizenship to ODJFS. Alternately, Bird argues that, as she was already receiving Medicaid at the time the Deficit Reduction Act became effective, she remains eligible because she has continuously shown a good faith effort to present satisfactory evidence of her citizenship or birth and identity.
 {¶ 30} Although Bird argued to the trial court in her trial reply brief that she provided "one-time documentation" of her citizenship in July 2006, pursuant to Ohio Adm. Code 5101:1-38-02(C)(2), the trial court's decision does not demonstrate that it considered whether she has continuously shown a good faith effort to present satisfactory evidence of her citizenship or birth and identity. Accordingly, we remand this decision to the trial court with instructions to determine whether, under Ohio Adm. Code 5101:1-38-02(C)(2), Bird provided "one-time documentation" of her citizenship in July 2006, and whether she has continuously shown a good faith effort to present satisfactory evidence of her citizenship or birth and identity.
 {¶ 31} Accordingly, we sustain this portion of Bird's third assignment of error pertaining to Ohio Adm. Code 5101:1-38-02(C)(2). *Page 15 
 {¶ 32} Having found error prejudicial to Appellant herein, in the particulars assigned and argued in part of the third assignment of error, we reverse the decision of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment Reversed and Cause Remanded
 PRESTON, P.J. and SHAW, J., concur.
[1] We note that Bird also applied for food stamps and disability financial assistance at this time; however, this appeal concerns only Medicaid benefits. *Page 1