PROCTOR, DIR., APPELLEE, *v.* KARDASSILARIS ET AL., APPELLANTS.

PROCTOR, DIR., APPELLEE, *v.* BLANK ET AL., APPELLANTS.

[Cite as *Proctor v. Kardassilaris,* 115 Ohio St.3d 71, 2007-Ohio-4838.]

(Nos. 2006–1242 and 2006–1243—Submitted June 6, 2007—Decided October 3, 2007.)

MOYER, C.J.

## I.  Introduction

{¶ 1} This appeal presents the issue of whether R.C. 5501.22, which provides that the Ohio director of transportation is not "suable" outside of Franklin County except in certain limited circumstances, applies to counterclaims filed in an ongoing appropriation action in another county.

{¶ 2} In 2001, appellee, Director of Transportation Gordon Proctor, initiated separate appropriation actions against appellants Kathy Kardassilaris and others ("Kardassilaris") and Richard Blank and others ("Blank") in the Trumbull County Court of Common Pleas.  Proctor sought to take parts of the Kardassilaris and Blank parcels to make improvements to State Route 5 in Cortland, Ohio. The trial

court granted these appropriations and disbursed funds to the landowners for them. Employees of the Ohio Department of Transportation ("ODOT") made the improvements from 2002 to 2003.

{¶ 3} In 2004, Kardassilaris and Blank were granted leave of court to file inverse-condemnation counterclaims in mandamus in their respective appropriation actions. Each alleged that ODOT went beyond the boundaries of the appropriations and damaged their properties when it made the improvements. They requested writs of mandamus compelling Proctor to appropriate the additional parts of their properties that they alleged were taken during this process. Further, they sought jury awards for the value of the additional property seized and related damages.

{¶ 4} Proctor moved to dismiss these counterclaims for lack of subject matter jurisdiction pursuant to Civ.R. 12(B)(1). The trial court granted Proctor's motions and dismissed both counterclaims.

{¶ 5} On appeal, Kardassilaris and Blank argued that their counterclaims arose from the same transactions and occurrences as the appropriation proceedings, and thus Civ.R. 13(A) required them to bring their claims in Trumbull County. The court of appeals disagreed, holding that R.C. 5501.22 requires both original actions and counterclaims against the director of transportation to be brought in Franklin County, with limited exceptions not relevant to these cases. Noting that jurisdictional statutes are substantive laws that control over procedural rules, the court of appeals affirmed the trial court judgments dismissing the counterclaims for lack of subject matter jurisdiction.

{¶ 6} We accepted jurisdiction on the Kardassilaris and Blank appeals (2006–1242 and 2006–1243 respectively) and consolidated them for review. For the following reasons, we affirm the judgment of the court of appeals.

## II. Analysis

{¶ 7} It is well-settled law that a state is not subject to suit in its own courts unless it expressly consents to be sued. See *Manning v. Ohio State Library Bd.* (1991), 62 Ohio St.3d 24, 29–30, 577 N.E.2d 650. In 1912, the Ohio Constitution was amended to provide that "[s]uits may be brought against the state, in such courts and in such manner, as may be provided by law." Section 16, Article I, Ohio Constitution.

{¶ 8} However, this provision did not provide specific consent for every state entity to be sued in every state court. See *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 285, 595 N.E.2d 862, citing *Raudabaugh v. State* (1917), 96 Ohio St. 513, 518, 118 N.E. 102. Rather, it merely enabled the state to pass statutes consenting to be sued in specific ways; unless an explicit statutory waiver exists, the presumption of sovereign immunity applies. See id.

{¶ 9} In 1928, the General Assembly enacted such a statute, waiving immunity for suits against the director of transportation but limiting such suits to Franklin County. See G.C. 1187. The current version of the statute, R.C. 5501.22, maintains this rule: "The director of transportation shall not be suable, either as a sole defendant or jointly with other defendants, in any court outside Franklin county * * *." R.C. 5501.22.

{¶ 10} While there are exceptions for actions brought by railroad companies, those brought by property owners to prevent due process violations, and those brought pursuant to certain enumerated chapters of the Revised Code, id., Kardassilaris and Blank do not claim that any of these exceptions apply to them. Instead, they offer three arguments for the contention that this statute does not apply to the inverse-condemnation counterclaims they asserted in the trial court.

## A. R.C. 5501.22 and Counterclaims

{¶ 11} Kardassilaris and Blank first take issue with the use of the word "suable" in R.C. 5501.22. They argue that, while this word clearly refers to original actions against the director of transportation, it does not explicitly include counterclaims. They suggest that the General Assembly would have had to say "counter-suable" for the statute to apply to counterclaims. In their view, the failure to explicitly include such a term limits the application of the statute to original actions, given the statutory-interpretation maxim expressio unius est exclusio alterius (to express one thing is to exclude the other). We are not persuaded.

{¶ 12} When analyzing a statute, our primary goal is to apply the legislative intent manifested in the words of the statute. See *State ex rel. Herman v. Klopfleisch* (1995), 72 Ohio St.3d 581, 584, 651 N.E.2d 995. Statutes that are plain and unambiguous must be applied as written without further interpretation. See *Lake Hosp. Sys. v. Ohio Ins. Guar. Assn.* (1994), 69 Ohio St.3d 521, 524, 634 N.E.2d 611. In construing the terms of a particular statute, words must be given their usual, normal, and/or customary meanings. See *State ex rel. Solomon v. Police & Firemen's Disability & Pension Fund Bd. of Trustees* (1995), 72 Ohio St.3d 62, 65, 647 N.E.2d 486, citing R.C. 1.42. Rules for construing the language (such as expressio unius) may be employed only if the statute is ambiguous. See *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 11.

{¶ 13} The only ambiguity alleged here is with the meaning of the word "suable." According to Black's Law Dictionary, "suable" means "[c]apable of being sued." Black's Law Dictionary (8th Ed.2004) 1464. To sue is to institute a lawsuit against another party. Id. at 1473. A "suit" is defined as "[a ]ny proceeding by a party or parties against another in a court of law." (Emphasis added.) Id. at 1475. Conversely, "counter-suable" appears to be the creation of counsel for Kardassilaris and Blank; we are unable to find a definition for the

term in any legal or general dictionary, and we could not locate a single state or federal case in which it was used.

{¶ 14} According to the plain meaning of the term "suable" and that of the related terms arising from its definition, R.C. 5501.22 provides that any action brought against the director of transportation in a court of law must be brought in Franklin County. A counterclaim is clearly such an action brought against another party in a court of law. It is defined as "[a] claim for relief asserted against an opposing party after an original claim has been made." Id. at 376. The fact that a party brings a counterclaim in the context of an action already filed against it does not change the essential nature of such an action.

{¶ 15} The plain language of R.C. 5501.22 is therefore dispositive. The limitation on the jurisdiction in which the director of transportation is "suable" applies both to original actions and counterclaims, as both are proceedings brought against the director in a court of law. We afford no legal effect to the omission of conceivable words such as "counter-suable," especially when the actual word used legitimately includes the imagined one.

## B. Interplay of Civil Rules and Statutory Law

{¶ 16} Kardassilaris and Blank next argue that even if R.C. 5501.22 requires counterclaims to be filed in Franklin County, Civ.R. 13(A) and (B) either permit or require them to be joined with pending actions, depending on the nature of the claim. Further, they suggest that these provisions take precedence over statutory law to the contrary. They support this argument by citing Section 5, Article IV of the Ohio Constitution, commonly referred to as the Modern Courts Amendment of 1968.

{¶ 17} The Modern Courts Amendment empowers this court to create rules of practice and procedure for the courts of this state, including the Rules of Civil Procedure. Section 5(B), Article IV, Ohio Constitution. However, it expressly states that rules created in this manner "shall not abridge, enlarge, or modify any substantive right." Id. Thus, if a rule created pursuant to Section 5(B), Article IV conflicts with a statute, the rule will control for procedural matters, and the statute will control for matters of substantive law. See *Boyer v. Boyer* (1976), 46 Ohio St.2d 83, 86, 75 O.O.2d 156, 346 N.E.2d 286. We have defined "substantive" in this context as "that body of law which creates, defines and regulates the rights of the parties." See *Krause v. State* (1972), 31 Ohio St.2d 132, 145, 60 O.O.2d 100, 285 N.E.2d 736, overruled on other grounds, *Schenkolewski v. Cleveland Metroparks Sys.* (1981), 67 Ohio St.2d 31, 21 O.O.3d 19, 426 N.E.2d 784, paragraph one of the syllabus.

{¶ 18} R.C. 5501.22 endows courts in Franklin County with subject matter jurisdiction to hear and decide actions against the director of transportation. It

is well established that statutes establishing subject matter jurisdiction, which create and define the rights of parties to sue and be sued in certain jurisdictions, are substantive law. "If the statute is jurisdictional, it is a substantive law of this state, and cannot be abridged, enlarged, or modified by the Ohio Rules of Civil Procedure." *Akron v. Gay* (1976), 47 Ohio St.2d 164, 165–166, 1 O.O.3d 96, 351 N.E.2d 475; see, also, *Malloy v. Westlake* (1977), 52 Ohio St.2d 103, 104–105, 6 O.O.3d 329, 370 N.E.2d 457.

{¶ 19} Because R.C. 5501.22 is a substantive law, it controls over the procedural rules on the mandatory and permissive filing of counterclaims in Civ.R. 13(A) and (B). Civ.R. 13(D), entitled "Counterclaim against this state," supports this conclusion: "These rules shall not be construed to enlarge beyond the limits now fixed by law the right to assert counterclaims or to claim credits against this state, a political subdivision or an officer in his representative capacity or agent of either." Therefore, Kardassilaris and Blank may not use the procedural provisions in Civ.R. 13 to circumvent the jurisdictional limitations on claims against the director of transportation in R.C. 5501.22.

## C. Public Policy

{¶ 20} Finally, Kardassilaris and Blank argue that "there is no logical or practical reason to conduct two separate lawsuits in two separate counties," especially when a trial court has already established jurisdiction over the same parties, and the counterclaim arises from the same transaction and occurrence as the original claim. Further, they argue that combining the complaint and counterclaim conserves legal resources and promotes judicial economy.

{¶ 21} Proctor takes issue with this argument, suggesting that the counterclaims here did not arise from the same transaction or occurrence as the original appropriation actions, but rather are claims for later-arising damages that have no bearing to the original cases. Thus, he argues that Kardassilaris and Blank exaggerate the legal resources that could be saved and the judicial economy that could be obtained by prosecuting these counterclaims in Trumbull County.

{¶ 22} However, even if we were to assume that appellants' counterclaims actually arise from the same transaction or occurrence as the appropriation actions and that time and effort could be saved by joining them to the pending actions in Trumbull County, we would be unable to order such a result here. "When this court has been called upon to give effect to an Act of the General Assembly, a standard of judicial restraint has developed when the wording of the enactment is clear and unambiguous. For example, a statute that is free from ambiguity and doubt is not subject to judicial modification under the guise of interpretation." *Bernardini v. Conneaut Area City School Dist. Bd. of Edn.* (1979), 58 Ohio St.2d 1, 4, 12 O.O.3d 1, 387 N.E.2d 1222.

{¶ 23} Having concluded that R.C. 5501.22 unambiguously encompasses both original actions and counterclaims against the director of transportation, we will not alter this meaning, even if doing so would satisfy a public-policy argument. "[W]hether an act is wise or unwise is a question for the General Assembly and not this court." Id. at 4, 12 O.O.3d 1, 387 N.E.2d 1222. Therefore, we decline to change the plain meaning of the statute in the name of public policy.

### III. Conclusion

{¶ 24} The use of the term "suable" of R.C. 5501.22 is clear and unambiguous. Subject only to the specifically defined exceptions in the statute, R.C. 5501.22 requires individuals to prosecute all claims for relief against the director of transportation in Franklin County, even those that could be brought as counterclaims under Civ.R. 13.

{¶ 25} The judgment of the court of appeals is hereby affirmed.

Judgment affirmed.

LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

PFEIFER, J., dissents.

***

**PFEIFER, J., dissenting.**

{¶ 26} I would concur in the majority opinion but for the fact that there has not been a trial on the original appropriation action. Given that, Civ.R. 13 appears to require the appellants to file their counterclaim with the Trumbull County Court of Common Pleas. Based on the unique facts of this case, that the director has filed an appropriation action against the appellants, which has not yet gone to trial, I would reverse the judgment of the court of appeals and allow the trial court to adjudicate all issues arising "out of the transaction or occurrence that is the subject matter of the opposing party's claim." Civ.R. 13(A). It would promote judicial economy to allow the appellants to present evidence regarding damages to the same tribunal that is going to hear the state's appropriation action. Another alternative is that the trial court could still sua sponte amend the pleadings to expand the description of the taking and consider the damages claim as part of the original action. I dissent.

***

Frank R. Bodor, for appellants.

Marc Dann, Attorney General, Elise Porter, Deputy Solicitor, Michael L. Stokes, Senior Assistant Attorney General, Richard J. Makowski, Assistant Attorney General, and L. Martin Cordero, for appellee.