[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Diley Ridge Med. Ctr. v. Fairfield Cty. Bd. of Revision,* Slip Opinion No. 2014-Ohio-5030.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-5030

DILEY RIDGE MEDICAL CENTER, APPELLEE; CANAL WINCHESTER MOB, L.L.C., APPELLANT, *v.* FAIRFIELD COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Diley Ridge Med. Ctr. v. Fairfield Cty. Bd. of Revision,* Slip Opinion No. 2014-Ohio-5030.]

*Taxation—Real property—When Board of Tax Appeals raises issue of complainant's standing to file valuation complaint sua sponte, it should afford the complainant the opportunity to assert and prove its basis for standing.*

(No. 2013-1432—Submitted July 8, 2014—Decided November 18, 2014.)

APPEAL from the Board of Tax Appeals, No. 2012-L-429.

_____

**Per Curiam.**

{¶ 1} This real-property-valuation case concerns the tax-year-2010 valuation of a medical office building.  The complaint was filed by appellant, Canal Winchester MOB, L.L.C. ("MOB"), which identified itself on the complaint as "ground lessee" of the property.  After appellee Fairfield County Board of Revision ("BOR") retained the auditor's valuation, MOB, together with

the record owner of the property at issue, Diley Ridge Medical Center, appealed to the Board of Tax Appeals ("BTA"). At no time was the issue of MOB's standing to file the complaint raised before the issuance of the BTA's decision.

{¶ 2} In its decision, the BTA held that MOB had not had standing to file the complaint and remanded the cause with instructions that the complaint be dismissed for lack of jurisdiction. On appeal from that decision, MOB contends that the BTA acted unreasonably or unlawfully by raising the standing issue sua sponte, by not affording it the opportunity to demonstrate standing, and by finding that there was no standing when MOB in fact owns the building (although Diley Ridge Medical Center owns the land).

{¶ 3} We hold that under the authority of *Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 137 Ohio St.3d 266, 2013-Ohio-4627, 998 N.E.2d 1132, the BTA should have afforded MOB the opportunity to prove its standing. We therefore vacate the BTA's decision and remand the cause for further proceedings as indicated below.

## FACTUAL BACKGROUND

{¶ 4} On March 30, 2011, MOB filed a complaint seeking a reduction in the valuation of the property at issue for tax year 2010. At issue is a medical office building with an auditor's valuation for tax year 2010 of $217,740 for the land and $7,703,850 for the building. The complaint identified "Diley Ridge Medical Center" as the owner, "Canal Winchester MOB L.L.C." as "complainant if not owner," and attorney Bruce Burkholder as "complainant's agent," and in the space to indicate the "complainant's relationship to property if not owner," the response was "ground lessee."[1] The reason for the requested $1,561,560 reduction in taxable value was that the "[p]roperty was still under construction as

---

[1] There is no indication of a lease or of separation of ownership between land and improvements on the property record card.

of January 1, 2010 and as such, the value as listed on the tax bill is in excess of the value of the real property as of January 1, 2010."

{¶ 5} The BOR convened a hearing on October 17, 2011. Attorney Kerry Boyle represented MOB and presented the testimony of two MOB employees and exhibits that demonstrated the actual costs incurred as of the tax-lien dates for 2010 and 2011. The company's treasurer testified that MOB contracted to construct the building on the parcel at issue during 2009, that the building was still under construction on January 1, 2010, and that its cost value on the 2010 lien date was $3.46 million. As of January 1, 2011, the cost value was $5.67 million, according to the treasurer's testimony. No issue of standing or jurisdiction was raised at the hearing.

{¶ 6} By decision dated January 18, 2012, the BOR retained the auditor's valuation of the property. Both Diley Ridge Medical Center[2] and MOB appealed to the BTA. Before that tribunal, the parties waived a hearing. Diley Ridge Medical Center and MOB, both appellants before the BTA, filed a merit brief on June 25, 2013. No responding brief was filed.

{¶ 7} On August 8, 2013, the BTA issued its decision, which observed, "Upon a review of the record, it appears that the instant appeal is from a decision that the BOR did not have jurisdiction to make." BTA No. 2012-L-429, 2013 WL 4508929, *1 (Aug. 8, 2013). Citing case law holding that only the owner, not a lessee, may file a complaint pursuant to R.C. 5715.19(A)(1), the BTA held that "as a lessee, Canal Winchester MOB LLC did not have standing to file the underlying complaint." *Id.*, *2. Accordingly, the BTA remanded the cause to the BOR with the instruction that the complaint be dismissed for lack of jurisdiction.

{¶ 8} MOB appealed to this court.

---

[2] Diley Ridge Medical Center, as record owner of the property at issue, received notice of the BOR's decision under R.C. 5715.20, and it exercised its right to appeal it pursuant to R.C. 5717.01.

## STANDARD OF REVIEW

{¶ 9} We review BTA decisions to determine whether they are reasonable and lawful. R.C. 5717.04; *Satullo v. Wilkins*, 111 Ohio St.3d 399, 2006-Ohio-5856, 856 N.E.2d 954, ¶ 14, citing *Columbus City School Dist. Bd. of Edn. v. Zaino*, 90 Ohio St.3d 496, 497, 739 N.E.2d 783 (2001). Although we defer to the BTA with respect to its determination of factual issues, we " 'will not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion.' " *Id*., quoting *Gahanna-Jefferson Local School Dist. Bd. of Edn. v. Zaino*, 93 Ohio St.3d 231, 232, 754 N.E.2d 789 (2001).

{¶ 10} The present case confronts us with a question of law because it involves the issue of the BTA's jurisdiction, which turns on the proper application of the enabling statutes. *See Akron Centre Plaza, L.L.C. v. Summit Cty. Bd. of Revision*, 128 Ohio St.3d 145 2010-Ohio-5035, 942 N.E.2d 1054, ¶ 10. Accordingly, our standard of review in this appeal is de novo, not deferential. *Id*.

## THE RECORD DOES NOT ESTABLISH THAT MOB HAD STANDING TO MAINTAIN ITS COMPLAINT

### *1. Statutory standing is a jurisdictional prerequisite in administrative appeals*

{¶ 11} Under its first assignment of error, MOB contends that its standing is not jurisdictional and that the standing issue was waived. But that argument ignores the longstanding doctrine that " '[s]tanding is jurisdictional in administrative appeals "where parties must meet strict standing requirements in order to satisfy the threshold requirement for the administrative tribunal to obtain jurisdiction." ' " *Groveport Madison*, 137 Ohio St.3d 266, 2013-Ohio-4627, 998 N.E.2d 1132, ¶ 25, quoting *Victoria Plaza Ltd. Liab. Co. v. Cuyahoga Cty. Bd. of Revision*, 86 Ohio St.3d 181, 183, 712 N.E.2d 751 (1999), quoting *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 77, 701 N.E.2d 1002 (1998), fn. 4. The

case law leaves no doubt that the standing requirements incorporated into R.C. 5715.19(A)(1) run to the jurisdiction of the boards of revision. *Id.*

{¶ 12} Nor does MOB's claim of substantial compliance have merit under these circumstances. The complaint in this case unequivocally identifies MOB as complainant, not Diley Ridge Medical Center. By contrast, the complaint in *Groveport Madison* identified the Messmore Trust as owner while leaving blank the line for "complainant if not owner." *Groveport Madison* at ¶ 2. Under those circumstances, the trust had identified itself as the complainant even though it later became known that the trust was not in fact the owner. Given that the trust was clearly the complainant, it was afforded the opportunity to demonstrate the basis for its standing during the course of the proceedings. *Id.* at ¶ 31. Under the reasoning of *Groveport Madison,* standing in this case depends upon MOB's relationship to the property as complainant; Diley Ridge Medical Center's status is irrelevant. Additionally, MOB's citation to *Cleveland Elec. Illum. Co. v. Lake Cty. Bd. of Revision*, 80 Ohio St.3d 591, 687 N.E.2d 723 (1998), is unavailing because that case did not involve the requirement that the complainant demonstrate its standing.

*2. The record does not demonstrate that MOB owned the building*

{¶ 13} R.C. 5715.19(A)(1) authorizes the filing of a valuation complaint by "[a]ny person owning taxable real property in the county" in which the property at issue is located. This includes, of course, the owner of the property at issue in this case. But that owner is Diley Ridge Medical Center, not MOB. We have held that a long-term lessee has no statutory authority to maintain a valuation complaint. *Victoria Plaza*; *accord Soc. Natl. Bank v. Wood Cty. Bd. of Revision*, 81 Ohio St.3d 401, 403, 692 N.E.2d 148 (1998); *see also Village Condominiums Owners Assn. v. Montgomery Cty. Bd. of Revision*, 106 Ohio St.3d 223, 2005-Ohio-4631, 833 N.E.2d 1230, ¶ 7 ("to establish standing, [the complainant] must first demonstrate that it is a person owning taxable real

property in [the relevant county]"). Moreover, the statute furnishes no basis for concluding that the existence of a contractual obligation to pay property taxes confers standing on a party who is not the owner.

{¶ 14} MOB argues that by identifying itself as ground lessee in the complaint, it established its standing as owner of the improvements. Under this theory, Diley Ridge Medical Center owns the land, and MOB leases the land but owns the improvements. Real property subject to taxation includes land and the buildings on the land, *see* R.C. 5701.02(A), and as owner of the building but not the land, MOB would have standing to maintain the complaint under the plain language of R.C. 5715.19(A)(1). The BTA has had occasion to so hold. *Volibar Realty Co. v. Cuyahoga Cty. Bd. of Revision*, BTA Nos. 2003-T-633, 2003-T-648, and 2003-T-649, 2006 WL 77717, *4 ("For purposes of R.C. 5715.19, Volibar is an 'owner' of the subject property because it is the legal titleholder of all improvements to the land").

{¶ 15} Although it is unusual, it is by no means unheard of that the ownership of land be separated from the ownership of buildings on the land. *See Visicon, Inc. v. Tracy*, 83 Ohio St.3d 211, 212, 699 N.E.2d 89 (1998) (lease provided that title to hotel built by private entity on public land "shall be in the Lessee"); *Rickenbacker Port Auth. v. Limbach*, 64 Ohio St.3d 628, 629, 597 N.E.2d 494 (1992) (lease of land owned by port authority to private developer provided that during the term of the lease, title to the improvement was in the private lessee, but that such title reverted to the port authority at expiration of the lease). Notably, however, the records in *Visicon* and *Rickenbacker* contained documentation of the ownership interest in the improvements—consisting, in both cases, of a term in the lease of the land.

{¶ 16} By contrast, MOB has not furnished any evidentiary basis for asserting that it holds title to the improvements other than its identification of itself, by its agent under oath, as "ground lessee" in the original complaint.

Although MOB's treasurer testified that MOB constructed the building at the site, he did not testify as to a separation of ownership. And the complaint's reference to MOB's status as ground lessee falls short both of asserting and establishing the ownership of the building, given that the property record card indicates that Diley Ridge Medical Center is the owner and does not indicate a separation of land from buildings.

{¶ 17} Once challenged by the BTA's sua sponte consideration of the jurisdictional sufficiency of the complaint, MOB acquired the burden of proving its standing as part of proving the BOR's jurisdiction over the complaint. *See Groveport Madison*, 137 Ohio St.3d 266, 2013-Ohio-4627, 998 N.E.2d 1132, ¶ 29; *accord* L.J. *Smith, Inc. v. Harrison Cty. Bd. of Revision*, 140 Ohio St.3d 114, 2014-Ohio-2872, 16 N.E.3d 573, ¶ 18, citing *Marysville Exempted Village School Dist. Bd. of Edn. v. Union Cty. Bd. of Revision*, 136 Ohio St.3d 146, 2013-Ohio-3077, 991 N.E.2d 1134, ¶ 10. On the current record, jurisdiction has not been established. If all MOB contended were its status as "lessee," the BTA's decision would be correct.

### THE BTA OUGHT TO HAVE AFFORDED MOB THE OPPORTUNITY TO PLEAD AND PROVE ITS STANDING

{¶ 18} In ordering dismissal, however, the BTA acted prematurely. The case law places the burden on the proponent of jurisdiction but does so "when the jurisdiction of an administrative tribunal such as the BOR is challenged." *L.J. Smith, Inc.*, ¶ 18. In this case, no challenge was lodged against the BOR's jurisdiction until the BTA on its own motion examined the issue.

*1. The BTA had authority to consider the jurisdictional validity of the complaint sua sponte*

{¶ 19} At its broadest, MOB's argument suggests that the BTA lacked any authority to raise the jurisdictional issue sua sponte. We reject this contention. As a general matter, jurisdictional issues not flagged by the parties may, and

sometimes must, be raised by the reviewing tribunal sua sponte. *Fox v. Eaton Corp.*, 48 Ohio St.2d 236, 238, 358 N.E.2d 536 (1976), *overruled on other grounds, Manning v. Ohio State Library Bd.*, 62 Ohio St.3d 24, 577 N.E.2d 650 (1991); *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 87, 541 N.E.2d 64 (1989).

{¶ 20} Moreover, we have explicitly framed the board-of-revision proceeding as a two-step process involving an initial, jurisdictional inquiry:

> As part of [the board of revision's statutorily defined] jurisdiction to hear and rule on complaints, a board of revision must undertake a two-step analysis. First, the board of revision must examine the complaint to determine whether it meets the jurisdictional requirements set forth by the statutes. Second, if the complaint meets the jurisdictional requirements, then the board of revision is empowered to proceed to consider the evidence and determine the value of the property.

*Elkem Metals Co., Ltd. Partnership v. Washington Cty. Bd. of Revision*, 81 Ohio St.3d 683, 686, 693 N.E.2d 276 (1998).

{¶ 21} Additionally, we have held that the administrative tax tribunals have authority to dismiss for lack of jurisdiction in situations where the tribunal raised the issue on its own motion. *Stanjim Co. v. Mahoning Cty. Bd. of Revision*, 38 Ohio St.2d 233, 234, 313 N.E.2d 14 (1974); *Gammarino v. Hamilton Cty. Bd. of Revision*, 71 Ohio St.3d 388, 643 N.E.2d 1143 (1994). We see no reason why the BTA's authority—and duty—to consider its own jurisdiction, which derives from that of the boards of revision, should be any less than that possessed by the boards of revision themselves. Indeed, it is a settled practice for the BTA to order dismissal by the board of revision, even if the latter has issued a merit decision,

8

where the record shows that the complaint ought to have been dismissed. *See, e.g., Sharon Village Ltd. v. Licking Cty. Bd. of Revision*, 78 Ohio St.3d 479, 678 N.E.2d 932 (1997); *Shinkle v. Ashtabula Cty. Bd. of Revision*, 135 Ohio St.3d 227, 2013-Ohio-397, 985 N.E.2d 1243, ¶ 3, 14-15, 29 (affirming the BTA's ordering dismissal of one of several complaints that had been ruled on substantively by the board of revision).

*2. When the BTA considers the complainant's standing on its own motion, it should afford the complainant an opportunity to be heard*

**{¶ 22}** Once it had raised the issue of standing on its own motion, the BTA treated MOB as being bound by the basis for standing asserted on the face of the complaint. Taking MOB's asserted status as "lessee" at face value, the BTA held that MOB had no standing under the case law.

**{¶ 23}** Although MOB contests the BTA's decision by contending that by using the term "ground lessee" in its complaint, it implied that it owned the building, the point is not well supported and is ultimately immaterial. In *Groveport Madison*, we specifically considered and rejected the proposition that a complaint must on its face assert the complainant's actual basis for standing. 137 Ohio St.3d 266, 2013-Ohio-4627, 998 N.E.2d 1132, ¶ 30-32. Instead, we remanded the cause so that the BTA could consider proof offered by the complainant of a basis for standing that had *not* been asserted in the complaint. *Id.*

**{¶ 24}** Under *Groveport Madison*, MOB ought to have been accorded the opportunity *both* to assert *and* to prove the basis for its standing to maintain the complaint. Procedurally, the BTA could have issued a show-cause or similar order that would have called for briefing and the submission of proof. Accordingly, we vacate the BTA's decision and remand the cause for further proceedings.

**{¶ 25}** On remand, the BTA shall first redetermine whether MOB had standing to maintain the complaint, affording MOB the opportunity to assert and prove one or more bases for standing. If the BTA determines that there was no standing, the BTA shall remand the cause to the BOR with instructions that the complaint be dismissed. If the BTA determines that MOB did have standing, the BTA shall consider MOB's appeal on the merits.

### CONCLUSION

**{¶ 26}** For the foregoing reasons, we vacate the BTA's decision and remand the cause for further proceedings as described in this opinion.

Decision vacated

and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Frost Brown Todd, L.L.C., and Eugene L. Hollins; and Isaac Wiles Burkholder & Teetor, L.L.C., Michael L. Close, and Dale D. Cook, for appellant.

Gregg Marx, Fairfield County Prosecuting Attorney, and Jason M. Dolin, Assistant Prosecuting Attorney, for appellees.

_____