[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Pavilonis v. Cuyahoga Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-1480.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-1480

PAVILONIS, APPELLEE, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLANTS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Pavilonis v. Cuyahoga Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-1480.]

*Taxation—Real-property valuation—R.C. 5715.19(A)(2)—Second claim filed within triennial by not barred when complainant differs from entity that filed first complaint—When county board of review fails to object to possible unauthorized practice of law at a hearing, it forfeits argument that conduct should be considered as error.*

(No. 2015-1386—Submitted January 23, 2018—Decided April 19, 2018.)

APPEAL from the Board of Tax Appeals, No. 2014-4517.

————————————

**Per Curiam.**

{¶ 1} This case involves residential property in Euclid owned by appellee, Jillian Pavilonis. She challenged appellant Cuyahoga County fiscal officer's

valuation of the property for tax year 2013.  Appellant Cuyahoga County Board of Revision ("BOR") rejected her claim and retained the fiscal officer's valuation.  On appeal, the Board of Tax Appeals ("BTA") reversed, reducing the valuation based on a written appraisal.  The fiscal officer and the BOR (collectively, "the county") jointly appeal to this court.

{¶ 2} The county presents two issues for review.  It first argues that Pavilonis's valuation complaint is jurisdictionally barred under R.C. 5715.19(A)(2) as an improper second filing within the three-year interim period, or triennium, R.C. 5715.19(A)(2), that began in 2012.  It also contends that the BTA acted unreasonably and unlawfully in adopting the appraised value because Pavilonis's husband engaged in the unauthorized practice of law before the BOR.  Because these claims lack merit, we affirm the BTA's decision.

## Facts and Procedural History

{¶ 3} The fiscal officer valued the subject property at $48,000 for tax year 2013.  In her valuation complaint, Pavilonis asked the BOR to decrease the valuation to $12,000.  Pavilonis's husband, Eric Uchbar, attended the BOR hearing, along with an appraiser, Ruth Lassiter.  Pavilonis did not attend the hearing.  Uchbar testified that the property is a two-bedroom condominium unit in fair condition that is rented for about $700 per month.  Lassiter testified concerning her written appraisal, in which she opined that the property's value was $18,000 as of the January 1, 2013 tax-lien date.

{¶ 4} The BOR rejected Pavilonis's claim, apparently because it viewed her complaint as an improper second filing within same interim period.  *See* R.C. 5715.19(A)(2).  This concern was based on the fact that the former owner of the property, Transworld Investments, L.L.C., had filed a valuation complaint for tax year 2012.  Uchbar is a member of Transworld Investments, and he testified that the company recently had transferred the property to his wife, Pavilonis.  He testified that Pavilonis is not affiliated with Transworld Investments.

2

**{¶ 5}** Pavilonis appealed to the BTA, where the county argued that her complaint is jurisdictionally defective as a second filing within the triennium. To support its argument, the county submitted documents showing that Uchbar purchased the property in 2008, that he transferred it to Transworld Investments in 2011, and that Transworld Investments transferred it to Pavilonis in 2014. The documents also show that Uchbar, Transworld Investments, and Pavilonis all use the same address.

**{¶ 6}** The BTA found that Pavilonis's complaint is not barred under R.C. 5715.19(A)(2), because the two complaints concerning the property "were filed by two separate complainants." BTA No. 2014-4517, 2015 Ohio Tax LEXIS 3153, *4 (July 23, 2015). On the merits, the BTA found that Lassiter's appraisal was "competent[,] * * * probative[,] * * * reasonable[,] and well-supported." *Id*. at *6. Accordingly, it valued the property consistently with Lassiter's opinion of value— $18,000.

**{¶ 7}** The county now appeals to this court.

**Analysis**

*Standard of review*

**{¶ 8}** We must affirm the BTA's decision if it is reasonable and lawful. R.C. 5717.04. In making this determination, we must consider legal issues de novo, *Akron City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision*, 139 Ohio St.3d 92, 2014-Ohio-1588, 9 N.E.3d 1004, ¶ 10-11, and defer to findings concerning the weight of evidence so long as they are supported by the record, *Olmsted Falls Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 122 Ohio St.3d 134, 2009-Ohio-2461, 909 N.E.2d 597, ¶ 27.

*R.C. 5715.19(A)(2)*

**{¶ 9}** In its first proposition of law, the county argues that the BOR and the BTA lacked jurisdiction to consider Pavilonis's complaint because it was the second valuation complaint filed concerning the property within the triennium.

This proposition presents a jurisdictional question that we must review de novo. *See Diley Ridge Med. Ctr. v. Fairfield Cty. Bd. of Revision*, 141 Ohio St.3d 149, 2014-Ohio-5030, 22 N.E.3d 1072, ¶ 10.

{¶ 10} R.C. 5715.19(A) authorizes a property owner to challenge a real-property valuation by filing a complaint with a county board of revision. The statute, however, limits the number of times a person may file a complaint within a three-year interim period: unless certain exceptions apply, "[n]o person * * * shall file a complaint against the valuation or assessment of any parcel that appears on the tax list if it filed a complaint against the valuation or assessment of that parcel for any prior tax year in the same interim period." R.C. 5715.19(A)(2). In this case, the relevant three-year period includes tax years 2012, 2013, and 2014.

{¶ 11} The county argues that Pavilonis's valuation complaint for tax year 2013 was not authorized under R.C. 5715.19(A)(2), because Transworld Investments had filed a complaint for the subject property for tax year 2012. We reject this argument because it disregards the plain statutory language.

{¶ 12} The county itself submitted evidence showing that Pavilonis owns the property. As the owner, Pavilonis had the right to file a valuation complaint. R.C. 5715.19(A)(1) ("Any person owning taxable real property in the county * * * may file such a complaint regarding any such determination affecting any real property in the county"). The prohibition against multiple complaints within a triennium applies only "if it [i.e., the complainant] filed a complaint against the valuation or assessment of that parcel for any prior tax year in the same interim period." R.C. 5715.19(A)(2). Because Pavilonis did not file the earlier complaint, her claim is not jurisdictionally barred.

{¶ 13} The county contends, however, that the BTA ignored evidence showing that Uchbar was behind the filing of both valuation complaints and the transfer to his wife. It says that Uchbar and Pavilonis each had some interest in the property when both complaints were filed. To be sure, evidence shows that Uchbar

4

has an ownership interest in Transworld Investments; that he (as Transworld Investments' member) executed the deed by which the property was conveyed to Pavilonis; and that he, Transworld Investments, and Pavilonis use the same address. But this evidence does not undermine Transworld Investments' status as a distinct entity or change the fact that different complainants filed the complaints at times when they each had the right to do so under R.C. 5715.19(A)(1).

{¶ 14} Although the county does not expressly allege an alter-ego theory, for its argument to have any chance of success, we would need to disregard Transworld Investments' separate existence. On this record, the county has not shown that such an extraordinary remedy would be appropriate. *See Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274, 617 N.E.2d 1075 (1993), paragraph three of the syllabus (establishing a three-pronged test for disregarding a corporate form). We therefore reject the county's first proposition of law.

*Unauthorized practice of law*

{¶ 15} In its second proposition of law, the county argues that Uchbar engaged in the unauthorized practice of law before the BOR by making legal arguments, directly examining Lassiter, and otherwise representing his wife's interests. It contends that because he did so, the tax tribunals lacked jurisdiction and this court is precluded from considering the evidence presented in support of Pavilonis's complaint.

{¶ 16} Although certain nonattorneys are permitted to prepare and file a valuation complaint with a board of revision, nonattorneys are not permitted to "make legal arguments, examine witnesses, or undertake any other tasks that can be performed only by an attorney." *Dayton Supply & Tool Co., Inc. v. Montgomery Cty. Bd. of Revision*, 111 Ohio St.3d 367, 2006-Ohio-5852, 856 N.E.2d 926, syllabus. Uchbar may have violated this rule by making legal arguments and asking Lassiter a question during the BOR hearing. But even assuming that Uchbar

engaged in the unauthorized practice of law, it does not follow that the tax tribunals lacked jurisdiction or that the evidence presented is defective.

{¶ 17} Regarding the jurisdictional question, we have held, "Once jurisdiction has been vested in an administrative tribunal by the proper filing of a complaint or notice of appeal, a later act constituting the unauthorized practice of law will not retroactively divest that tribunal of jurisdiction." *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 127 Ohio St.3d 63, 2010-Ohio-4907, 936 N.E.2d 489, ¶ 16. As discussed under the county's first proposition of law, Pavilonis properly invoked the BOR's jurisdiction by filing a valuation complaint. We therefore reject the county's claim that the possible unauthorized practice of law during the BOR hearing divested the tax tribunals of jurisdiction.

{¶ 18} We also reject the county's evidentiary objection. When addressing a similar argument in *Richman Properties, L.L.C. v. Medina Cty. Bd. of Revision*, 139 Ohio St.3d 549, 2014-Ohio-2439, 13 N.E.3d 1126, we emphasized that we can reverse a BTA decision only if we find that the decision is unreasonable or unlawful. *Id*. at ¶ 25. Therefore, when the unauthorized practice of law has been alleged, we must examine whether the "actions taken at the hearing render *the decision itself* unreasonable or unlawful." (Emphasis sic.) *Id*. The unauthorized practice of law is grounds for reversal only if the conduct affected the outcome of the proceeding. *Id*. at ¶ 27-28.

{¶ 19} The question here, therefore, is whether any unauthorized conduct by Uchbar affected the BTA's decision to assign value based on Lassiter's appraisal. The county itself permitted Uchbar to engage in the conduct it now complains of, and it did not object to Lassiter's appraisal either at the BOR or the BTA. Because the county failed to object, we hold that it forfeited the arguments that Lassiter's appraisal cannot be considered and that Uchbar's conduct otherwise resulted in reversible error. *See Plain Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 130 Ohio St.3d 230, 2011-Ohio-3362, 957 N.E.2d 268, ¶ 20.

{¶ 20} We therefore reject the county's second proposition of law.

Decision affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

O'DONNELL, J., dissents, with an opinion.

DEGENARO, J., not participating.

_____

**O'DONNELL, J., dissenting.**

{¶ 21} Respectfully, I dissent.

{¶ 22} I would sustain the first proposition of law presented by the Cuyahoga County Board of Revision and the county fiscal officer and conclude that the complaint is barred by R.C. 5715.19(A)(2) and that TransWorld Investments, L.L.C., is an alter ego of its related parties, Jillian Pavilonis and her husband, Eric Uchbar.

{¶ 23} Accordingly, I would reverse the decision of the Board of Tax Appeals, and I would reinstate the valuation of the board of revision.

_____

David M. Lynch and Brian Meister, for appellee.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Reno J. Oradini Jr., Assistant Prosecuting Attorney, for appellants.

_____