[Cite as *Citizen's Bank v. Leek*, 2018-Ohio-2813.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

CITIZENS BANK, NA,

Plaintiff-Appellant,

v.

KIRK A. LEEK et al.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 17 CO 0031

---

Civil Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2014 CV 466

**BEFORE:**
Carol Ann Robb, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Reversed and Remanded

---

*Atty. Christopher F. Parker*, Goranson, Parker & Bella, Co., LPA, 405 Madison Ave.,
Suite 2200, Toledo, Ohio 43604, for Plaintiff-Appellant and

*Atty. Andrew R. Zellers*, Richard G. Zellers & Associates, Inc., 3810 Starrs Centre Dr.,
Canfield, Ohio 44406 for Defendants-Appellees.

Dated:  June 28, 2018

**Robb, P.J.**

{¶1}   Plaintiff-Appellant Citizens Bank, N.A. appeals the decision of the Columbiana County Common Pleas Court confirming a foreclosure sale to a third-party purchaser after finding the bank had no right to redeem the property.  The appeal revolves around the language in R.C. 2329.311(A), which allows the judgment creditor and first lienholder to redeem the residential property taken by an order of sale by paying the purchase price within fourteen days after a sale "at an auction with the minimum bid pursuant to division (B) or section 2329.52 * * *."  Contrary to the trial court's holding, this language does not mean the right to redeem does not exist unless the sale had a minimum bid.  A minimum bid set in R.C. 2329.20, applies to the first attempted sale and expressly excludes sales under 2329.52  The cited R.C. 2329.52(B) deals solely with subsequent sales where the minimum bid requirements (of R.C. 2329.20) are not applicable, as occurred here where the property failed to sell at the first residential mortgage loan foreclosure auction.

{¶2}   For the following reasons, this court concludes R.C. 2329.311(A) provided the bank the right to redeem the residential property.  In accordance, the bank's argument is sustained.  The trial court's judgment is reversed, and the case is remanded with instructions to proceed by considering the bank as the redeeming party and the successful purchaser at the sale as instructed by R.C. 2329.311(A).

STATEMENT OF THE CASE

{¶3}   In 2014, the bank filed a complaint in foreclosure against Kirk Lee as he defaulted on a promissory note with $157,549 remaining due.  The note was secured by the property at 25823 State Route 62 in Beloit.  A decree in foreclosure was entered on March 21, 2017.  A notice of sheriff's sale was filed in March 2017, but the sale was canceled at the bank's request.  In May 2017, the bank reinitiated the order of sale.  A June 15, 2017 notice of sheriff's sale was filed stating:  the property was appraised at $90,000; the sale would be conducted on July 11, 2017 at 10:00 a.m.; and if the property was not sold at the first sale, a second sale would be held on July 25, 2017 at 10:00 a.m. with no minimum bid.  The advertised notice recited the same.  As to the

second sale, this notice also stated: "The property shall be sold to the highest bidder without regard to the minimum bid but subject to all relating costs, allowances, and real estate taxes."

{¶4} There were no bids at the first sale. At the second sale on July 25, 2017, the property was sold for $5,000 to a third-party purchaser Lorie Applegate (who filed the Appellee's Brief in this appeal). That same day, Attorney Grimm filed a motion to set aside the sale on behalf of the bank stating he failed to appear at the sale as the bank's independent contractor due to a scheduling error; he also stated the sale price was inadequate. The next day, he filed a supplemental brief in support stating if the court rejected the motion to set aside the sale, the court should permit the bank to exercise its statutory right of redemption (and initially sought permission to do so by credit bid).

{¶5} On August 7, 2017, the bank filed a notice of redemption pursuant to R.C. 2329.311, declaring the bank redeemed the property by depositing the purchase price of $5,000 plus additional costs to the Columbiana County Clerk of Courts in a timely manner (within fourteen days of the sale). Quoting the statute, the bank stated the court shall proceed to confirm the sale with the redeeming party considered the successful purchaser at the sale.

{¶6} On August 22, 2017, the trial court denied the motion to set aside the sale, finding the sale was made in conformity with RC. 2329.01 through 2329.61. As for the redemption notice, the court concluded: "Because there was no mandatory minimum bid at the sale, the Plaintiff cannot take advantage of R.C. § 2329.311." The court found the right of redemption for the judgment creditor and first lienholder existed "only when the sale of property occurs at an auction with the minimum bid pursuant to R.C. § 2329.52(B)." The court confirmed the sale to the third-party purchaser and ordered the sheriff to deliver the deed to this purchaser. The court also ordered the clerk to return the $5,141.50 deposited by the bank on August 7, 2017.

{¶7} The bank filed a timely notice of appeal. The trial court granted a stay of execution of its August 22, 2017 judgment pending appeal. Before setting forth the arguments presented on appeal, we set forth the pertinent statutes and how they relate to the case at bar.

### RESIDENTIAL FORECLOSURE SALE STATUTES

{¶8}   "Except as otherwise provided in this section or sections 2329.51 and 2329.52 of the Revised Code, no tract of land shall be sold for less than two-thirds the amount of the appraised value as determined pursuant to section 2329.17 of the Revised Code."   R.C. 2329.20.[1]   The first auction occurred in accordance with this requirement as the minimum bid was set at $60,000, which is 2/3 of the $90,000 appraised value.   The property did not sell at the first auction, which leads to the application of division (B) of R.C. 2329.52.   This statutory section provides in pertinent part:

> When a residential property is ordered to be sold pursuant to a residential mortgage loan foreclosure action, and the sale will be held at a physical location and not online, and if the property remains unsold after the first auction, *then a second auction shall be held and the property shall be sold to the highest bidder without regard to the minimum bid requirement in section 2329.20 of the Revised Code, but subject to section 2329.21 of the Revised Code relating to costs, allowances, and real estate taxes.*

(Emphasis added.)   R.C. 2329.52(B) (version effective April 6, 2017).   This division also states:   "This second auction shall be held not earlier than seven days and not later than thirty days after the first auction."   *Id.*   If the property remains unsold after two auctions, it "may be subsequently offered for sale without regard to the minimum bid requirement in section 2329.20 of the Revised Code, but subject to section 2329.21 of the Revised Code relating to costs, allowances, and real estate taxes, or disposed of in any other manner pursuant to this chapter or any other provision of the Revised Code."   *Id.*

{¶9}   A second auction was held here without regard to the minimum bid requirement in R.C. 2329.20, as instructed by R.C. 2329.52(B).   The redemption statute provides in pertinent part:

> In sales of residential properties taken in execution or order of sale that are sold *at an auction with the minimum bid pursuant to division (B) of section 2329.52 of the Revised Code*, the judgment creditor and the first

---

[1] R.C. 2329.20 also contains instructions for determining the minimum amount where a junior mortgage or lien is sought to be enforced and a prior lien is unaffected by the court order.

lienholder each have the right to redeem the property within fourteen days after the sale by paying the purchase price. The redeeming party shall pay the purchase price to the clerk of the court in which the judgment was rendered or the order of sale was made. Upon timely payment, the court shall proceed as described in section 2329.31 of the Revised Code, with the redeeming party considered the successful purchaser at the sale.

(Emphasis added to disputed language.) R.C. 2329.311(A) (version effective April 6, 2017). The next division provides: "If the judgment creditor and the first lienholder each seek to redeem the property, pursuant to division (A) of this section, the court shall resolve the conflict in favor of the first lienholder." R.C. 2329.311(B). There is no dispute the bank is the judgment creditor and the first lienholder.

ASSIGNMENT OF ERROR

{¶10} The bank's sole assignment of error provides:

"THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS INTERPRETATION OF R.C. 2329.311 AND R.C. 2329.52(B) FINDING THAT PLAINTIFF, THE FIRST SECURED CREDITOR, COULD NOT EXERICSE ITS STATUTORY RIGHT OF REDEMPTION AND THEREAFTER CONFIRMING A SALE TO A THIRD PARTY IN VIOLATION OF THE STATUTORY RIGHT OF REDEMPTION."

{¶11} The bank asks this court to conduct a de novo review of the legal issue of statutory interpretation. The bank asserts an absolute right of redemption under R.C. 2329.311(A) and urges the language (referring to "the auction with the minimum bid pursuant to division (B) of section 2329.52") does not mean an auction with a set minimum bid but means an auction with a minimum bid governed by R.C. 2329.52(B), the successful bid at second auction. The bank then reviews the latter statute, pointing out R.C. 2329.52(B) allows for subsequent sales with no minimum bid but subject to costs, allowances, and real estate taxes. A set minimum bid of 2/3 the appraised value is required under R.C. 2329.20, but R.C. 2329.52(B) removes this requirement for a second sale at auction; so, the language referring to property "sold at an auction with the minimum bid pursuant to division (B) of section 2329.52" is the second auction as occurred here where a bid was made   The bank asserts the language is clear and

should be applied as written. The bank alternatively points to a Final Bill Analysis for H.B. 390, which stated the judgment creditor had the right to redeem within fourteen days of the sale at an auction "with no set minimum bid * * *."

**{¶12}** The third-party purchaser filed an Appellee's Brief. Initially, we note her brief addresses two issues: the statutory issue regarding redemption and the trial court's decision denying the motion to set aside the sale. The bank asked to exercise its right of redemption if the court overruled the motion to set aside the sale. The court overruled the motion and also refused to allow the bank to redeem the property as the court found the statutory right did not exist in this case. The bank only appeals the decision denying redemption. The bank does not appeal the trial court's denial of its motion to set aside the sale, which motion was filed on the day of sale and raised as grounds a scheduling error of the bank's independent contractor and an insufficient sale price. The subject of the appeal is clear from the bank's brief, and the bank's reply confirms it is not contesting the trial court's decision denying the motion to set aside the sale but is only contesting the refusal to permit the bank to redeem the property under R.C. 2329.311. In accordance, the propriety of denying the bank's July 25, 2017 motion to set aside the sale is not before this court.

**{¶13}** As to the issue presented by the bank on appeal, the third-party purchaser agrees we are to conduct a de novo review and contends the plain language of R.C. 2329.311 means the redemption right applies only when the sale occurs with a set minimum bid (above zero) and does not apply to a sale with no minimum bid (but subject to costs, allowances, and real estate taxes). The third-party purchaser also points out the Final Bill Analysis quoted by the bank was for the prior version of R.C. 2329.311 which contained the following statutory language: "at an auction with no set minimum bid pursuant to division (B) of section 2329.22 * * *." That statute first went into effect on September 28, 2016, but on April 6, 2017, this language changed to "auction with the minimum bid pursuant to division (B) of section 2329.52."[2]

---

[2] The Final Bill Analysis for the bill that made this change (H.B. 463) referred to the prioritizing procedure in division (B) of R.C. 2329.311 for when the judgment creditor and first lienholder each seek to redeem and also explained that the change to R.C. 2329.52(B) was to ensure costs, allowances, and real estate taxes were required for sales subsequent to the second auction (similar to pre-existing language for the second auction).

**{¶14}** The parties agree the interpretation of the statute is a question of law to be reviewed de novo. *See State v. Pountney*, __ Ohio St.3d __, 2018-Ohio-22, __ N.E.3d __, ¶ 20. Under a de novo standard of review, we review the case independently and give no deference to the trial court's decision. *See, e.g., Diley Ridge Med. Ctr. v. Fairfield Cty. Bd. of Revision*, 141 Ohio St.3d 149, 2014-Ohio-5030, 22 N.E.3d 1072, ¶ 10. When analyzing a statute, the court must apply the legislative intent as manifested in the words of the statute. *Proctor v. Kardassilaris*, 115 Ohio St.3d 71, 2007-Ohio-4838, 873 N.E.2d 872, ¶ 12. "Statutes that are plain and unambiguous must be applied as written without further interpretation." *Id.* "

**{¶15}** "Rules for construing the language * * * may be employed only if the statute is ambiguous." *Proctor*, 115 Ohio St.3d 71 at ¶ 12 (such as "expressio unius"). Ambiguity means the statutory provision is "capable of bearing more than one meaning." *State ex rel. Clay v. Cuyahoga Cty. Med. Examiner's Office*, __ Ohio St.3d __, 2017-Ohio-8714, 94 N.E.3d 498, ¶ 17. The "in pari materia" rule of statutory construction (where statutes relate to the same general subject matter) can only be applied "where some doubt or ambiguity exists in the wording of a statute." *Id.* at ¶ 17, 20 (analyzing a statutory division that did not cite the statute which the party asked to be considered "in pari materia"). *See also* R.C. 1.49(D). Likewise, the legislative history of a statute and former statutory provisions are used to determine legislative intent only if a court finds the statute ambiguous. R.C. 1.49(C)-(D).

**{¶16}** Where the statutory division at issue specifically cites another statute, it is "incorporating by reference" the other statute, and the other statute must be considered in determining plain language. *See, e.g., General Motors Corp. v. Kosydar*, 37 Ohio St.2d 138, 146, 310 N.E.2d 154 (1974) ("use tax statute, incorporates by reference the sales tax exceptions" in a different statute). Otherwise, words would be improperly eliminated from the text of the statute. *See generally State ex rel. Carna v. Teays Valley Loc. Sch. Dist. Bd. of Edn.*, 131 Ohio St.3d 478, 2012-Ohio-1484, 967 N.E.2d 193, ¶ 18 (accord significance and effect to every word, phrase, sentence, and part of the statute).

**{¶17}** "Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a

technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." R.C. 1.42. "No part [of the statute] should be treated as superfluous unless that is manifestly required, and the court should avoid that construction which renders a provision meaningless or inoperative." *Carna*, 131 Ohio St.3d 478 at ¶ 19. "Statutes must be construed, if possible, to operate sensibly and not to accomplish foolish results." *Id. See also Clay*, __ Ohio St.3d __ at ¶ 22 ("The absurd result principle in statutory interpretation provides an exception to the rule that a statute should be interpreted according to its plain meaning.").

**{¶18}** Under the plain language of R.C. 2329.311(A), the redemption right applies to this case. The property was "sold at an auction with the minimum bid pursuant to division (B) of section 2329.52 * * *."; there was a successful bidder. Determination of the minimum bid was pursuant to R.C. 2329.52(B), which was the very authority for selling "to the highest bidder without regard to the minimum bid requirement in section 2329.20 of the Revised Code, but subject to section 2329.21 of the Revised Code relating to costs, allowances, and real estate taxes." R.C. 2329.311 unambiguously provides the judgment creditor and first lienholder the right to redemption for a sale at an auction where the minimum bid is prescribed by R.C. 2329.52(B) (as opposed to a minimum bid prescribed by R.C. 2329.20).

**{¶19}** The meaning attributed to R.C. 2329.311 by the third-party purchaser requires the court to ignore the statute's direct citation to R.C. 2329.52(B) and the contents of that statute. The plain and clear language of R.C. 2329.311(A) incorporates R.C. 2329.52(B). Division (B) of R.C. 2329.52 only deals with sales involving no set minimum bid (but subject to costs, allowances, and real estate taxes). It has no relevance to sales with a set minimum bid. Rather, it provides an exception to the set minimum bid in R.C. 2329.20 (of 2/3 of the appraisal value) for the second sale at auction.[3]

**{¶20}** If R.C. 2329.311 was not applicable to sales required by R.C. 2329.52(B) to be conducted "without regard to the minimum bid requirement," then R.C. 2329.311

---

[3] R.C. 2329.52(B) also provides a sale occurring after two unsuccessful auctions can be offered without regard to the minimum bid requirement in R.C. 2329.20 but will be subject to costs, allowances, and real estate taxes.

would have no meaning. The statute would not function in any manner. A statute is presumed to have a meaning.

{¶21} The trial court believed the statute provided a right of redemption only when the sale occurred at an auction with a set minimum bid above zero dollars under R.C. 2329.52(B). However, R.C. 2329.52(B) has no set minimum bid; again, it is the exception to minimum bid requirements contained in R.C. 2329.20. In other words, R.C. 2329.311 does not create a right of the judgment creditor or first lienholder to redeem the property after the first sale (the sale with the minimum bid under R.C. 2329.21). Rather, the statute creates a right of the judgment creditor or first lienholder to redeem the property after the property is sold at a second auction.

{¶22} In summary, the statutory redemption right in R.C 2329.311 clearly applies when the method of determining the minimum bid was pursuant to R.C. 2329.52(B), a successful bid at the second auction. The incorporated statute provides the property at the second auction shall be sold to the highest bidder without regard to the minimum bid but subject to costs, allowances, and real estate taxes. R.C. 2329.52(B). The property here was sold at the second auction with a minimum bid determined pursuant to R.C. 2329.52(B). Therefore, the judgment creditor and first lienholder had the right to redeem under R.C. 2329.311 which was utilized here. The bank's argument has merit.

{¶23} In accordance, the trial court's judgment is reversed, and the case is remanded with instructions to proceed in accordance with this opinion and as instructed by R.C. 2329.311(A).


Donofrio, J., concurs.

Waite, J., concurs.

---

        For the reasons stated in the Opinion rendered herein, the assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is reversed.  We hereby remand this matter to the trial court with instructions to proceed in accordance with this opinion and as instructed by R.C. 2329.311 (A).  Costs to be taxed against the Appellee.

        A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**