[Cite as *Citizens Bank, N.A. v. Leek*, 2018-Ohio-3427.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

CITIZENS BANK, NA,

Plaintiff-Appellant,

v.

KIRK A. LEEK et al.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 17 CO 0031

---

Application for Reconsideration

**BEFORE:**
Carol Ann Robb, Gene Donofrio, Cheryl L. Waite, Judges.

**JUDGMENT:**
Application for Reconsideration is Denied.

*Atty. Christopher F. Parker*, Goranson, Parker & Bella, Co., LPA, 405 Madison Ave., Suite 2200, Toledo, Ohio 43604, for Plaintiff-Appellant and

*Atty. Andrew R. Zellers*, Richard G. Zellers & Associates, Inc., 3810 Starrs Centre Dr., Canfield, Ohio 44406 for Defendants-Appellees

**Dated: August 23, 2018**

**PER CURIAM.**

{¶1}   On June 28, 2018, this court reversed the decision of the Columbiana County Common Pleas Court and remanded with instructions to proceed by considering the bank as the redeeming party and the successful purchaser as instructed by R.C. 2329.311(A). *Citizens Bank, NA v. Leek*, 7th Dist. No. 17 CO 0031, 2018-Ohio-2813. The third-party purchaser (Lori Applegate), who bid at the second sale and filed an appellee's brief in the bank's appeal, has filed a timely application to reconsider under App.R. 26(A).  In seeking reconsideration, this third-party purchaser "disagrees with the Court's interpretation of the applicable statutes in the matter."  (Motion at 3).  For the following reasons, the application for reconsideration is denied.

{¶2}   The main statute at issue grants the judgment creditor and first lienholder the right to redeem a residential property that is not sold at the first auction by paying the purchase price within 14 days of a subsequent auction.  R.C. 2329.311(A), citing R.C. 2329.52(B).  Specifically:  "In sales of residential properties taken in execution or order of sale that are sold at an auction with the minimum bid pursuant to division (B) of section 2329.52 of the Revised Code, the judgment creditor and the first lienholder each have the right to redeem the property within fourteen days after the sale by paying the purchase price."  R.C. 2329.311(A).

{¶3}   The trial court held the bank cannot redeem at a second auction because there is no set minimum bid at a second auction.  *See* R.C. 2329.52(B).  The minimum bid of 2/3 the appraised value applies to the first auction.  *See* R.C. 2329.20.   In reversing, we pointed out R.C. 2329.52(B), the statutory provision cited in R.C. 2329.311(A), deals solely with auctions subsequent to the first where the minimum bid requirements (of R.C. 2939.20) are specifically said to be inapplicable.  As to second sales, R.C. 2329.52(B) provides:

> When a residential property is ordered to be sold pursuant to a residential
> mortgage loan foreclosure action, and the sale will be held at a physical
> location and not online, and if the property remains unsold after the first
> auction, then a second auction shall be held and the property shall be sold
> to the highest bidder without regard to the minimum bid requirement in

section 2329.20 of the Revised Code, but subject to section 2329.21 of the Revised Code relating to costs, allowances, and real estate taxes.

(The provision then discusses sales of property remaining unsold after two auctions.)

**{¶4}** The minimum bid applicable to the second auction (of no set minimum bid) was determined "pursuant to division (B) of section 2329.52 of the Revised Code." The third-party purchaser's application for reconsideration equates our decision with effectively a holding that the minimum bid was the costs, allowances, and taxes. However, the minimum *payment* required is the effect of the statute, not the effect of our decision, and we did not interpret the statute in this manner in any event.

**{¶5}** In discussing the plain language of R.C. 2329.311(A), we pointed out the disputed language, "at an auction with the minimum bid pursuant to division (B) of section 2329.52 of the Revised Code * * *," expressly incorporated R.C. 2329.52(B) into the analysis. *See Citizens Bank*, 7th Dist. No. 17 CO 0031 at ¶ 16. Division (B) of R.C. 2329.52 does not apply to first auctions but provides the second auction can proceed without regard to the minimum bid requirement (in the statute that does apply to first auctions) but subject to costs, allowances, and real estate taxes. The right to redeem granted to the bank under R.C. 2329.311(A) would have no effect under the applicant's interpretation. *See Citizens Bank*, 7th Dist. No. 17 CO 0031 at ¶ 20.

**{¶6}** "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *McAuley v. Brooker*, 7th Dist. No. 17 NO 0445, 2018-Ohio-449, ¶ 2, quoting *Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (10th Dist.1987), paragraph one of the syllabus. The purpose of reconsideration is not to grant a second appeal or to provide a means to express dissatisfaction with the logic used and conclusions reached by an appellate court. *See McAuley,* 7th Dist. No. 17 NO 0445 at ¶ 3.

**{¶7}** The application for reconsideration filed herein does not claim an issue raised in the prior briefing was not fully considered by this court. We do not perceive an obvious legal error in our decision, and we maintain our decision as being fully

supported by the statutory language. The application for reconsideration is hereby denied.


**PRESIDING JUDGE CAROL ANN ROBB**

**JUDGE GENE DONOFRIO**

**JUDGE CHERYL L. WAITE**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**