**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Fradette v. Gold,* **Slip Opinion No. 2019-Ohio-1959.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1959

FRADETTE, APPELLANT, *v*. GOLD, JUDGE, ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Fradette v. Gold,* Slip Opinion No. 2019-Ohio-1959.]**

*Prohibition—Double-dismissal rule of Civ.R. 41(A)(1) did not divest common pleas judge and magistrate of subject-matter jurisdiction over motion to terminate or modify child support—Court of appeals' denial of petition affirmed.*

(No. 2018-1068—Submitted January 29, 2019—Decided May 23, 2019.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 107003, 2018-Ohio-2744.

_____

**Per Curiam.**

{¶ 1} We affirm the Eighth District Court of Appeals' judgment denying appellant Carol A. Fradette's petition for a writ of prohibition against appellees, Joseph J. Fradette Jr. and Judge Rosemary Grdina Gold and Magistrate Michelle C.

Edwards of the Cuyahoga County Court of Common Pleas, Domestic Relations Division.

**Facts and Procedural History**

**{¶ 2}** Carol and Joseph were divorced in 1999, and Carol was awarded spousal support. *Fradette v. Fradette*, Cuyahoga C.P. No. DR-96-250124. Joseph filed motions to terminate or modify the spousal-support order in 2009, 2012, and 2016. Joseph voluntarily dismissed each motion prior to a decision.

**{¶ 3}** In July 2017, Joseph filed a fourth motion to terminate or modify spousal support, which was scheduled for a hearing before Magistrate Edwards. Carol moved to dismiss, relying on the double-dismissal rule, which prohibits a plaintiff from filing successive notices of dismissal after a dismissal of the plaintiff's claim under Civ.R. 41(A)(1). Judge Gold denied the motion to dismiss, holding that Civ.R. 41(A)(1) does not apply to postjudgment motions.

**{¶ 4}** In March 2018, Carol filed a petition for a writ of prohibition against Joseph, Judge Gold, and Magistrate Edwards in the Eighth District Court of Appeals, arguing that Judge Gold exceeded her statutory authority by permitting Joseph to file multiple motions to terminate or modify spousal support. Judge Gold and Magistrate Edwards moved for summary judgment, which the court granted, denying the writ. The court concluded that Civ.R. 41(A)(1) does not apply to motions and that Carol failed to prove that Judge Gold and Magistrate Edwards lack subject-matter jurisdiction over Joseph's July 2017 motion to terminate or modify spousal support.

**Legal Analysis**

**{¶ 5}** Prohibition is "an extraordinary writ and [this court does] not grant it routinely or easily." *State ex rel. Barclays Bank, P.L.C. v. Hamilton Cty. Court of Common Pleas*, 74 Ohio St.3d 536, 540, 660 N.E.2d 458 (1996). Three elements are necessary for a writ of prohibition to issue: (1) the exercise of judicial power, (2) the lack of legal authority for the exercise of that power, and (3) the lack of an

adequate remedy in the ordinary course of law for the injury that would result from denial of the writ. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13.

{¶ 6} This court's review of a summary-judgment ruling is de novo. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 24. Summary judgment is appropriate when "there is no genuine issue as to any material fact and * * * the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).

{¶ 7} As to Joseph, Carol's petition for a writ of prohibition fails because Joseph—a party to the underlying action—was not and is not exercising judicial or quasi-judicial authority. "Prohibition will not lie if the respondent is not exercising judicial or quasi-judicial authority." *State ex rel. Morenz v. Kerr*, 104 Ohio St.3d 148, 2004-Ohio-6208, 818 N.E.2d 1162, ¶ 32. By contrast, Judge Gold exercised judicial authority when she denied Carol's motion to dismiss, and Magistrate Edwards will do so when presiding over the underlying motion to terminate or modify spousal support.

{¶ 8} Turning to the second requirement for a writ of prohibition, Judge Gold and Magistrate Edwards have general subject-matter jurisdiction over domestic-relations cases, *see* R.C. 3105.011, and authority to rule on postjudgment motions to terminate or modify spousal-support awards, *see* R.C. 3105.18(E) and (F); *Kimble v. Kimble*, 97 Ohio St.3d 424, 2002-Ohio-6667, 780 N.E.2d 273, ¶ 10.

{¶ 9} But even when a statute grants a court jurisdiction, a writ of prohibition can still be proper when a more specific statute "patently and unambiguously divests a court of its basic statutory jurisdiction to proceed in a matter." *State ex rel. Kaylor v. Bruening*, 80 Ohio St.3d 142, 145, 684 N.E.2d 1228 (1997). Here, Carol contends that Judge Gold and Magistrate Edwards lack jurisdiction over this particular case because the double-dismissal rule of Civ.R. 41(A)(1) precludes successive motions to terminate or modify spousal support. But

the Civil Rules do not divest a court of subject-matter jurisdiction. Indeed, Civ.R. 82 is explicit about this, stating that the Ohio Rules of Civil Procedure "shall not be construed to extend or limit the jurisdiction of the courts of this state." For this reason, the court of appeals correctly denied the writ.

Judgment affirmed.

O'CONNOR, C.J., and FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only, with an opinion.

FRENCH, J., concurs in judgment only.

_____

**KENNEDY, J., concurring in judgment only.**

{¶ 10} I concur in the judgment affirming the denial of appellant Carol A. Fradette's petition for a writ of prohibition but write separately because we need look no further than the Modern Courts Amendment of 1968 to resolve this matter. Procedural rules cannot "abridge, enlarge, or modify any substantive right." Ohio Constitution, Article IV, Section 5(B). R.C. 3105.18 authorizes the modification of spousal support for the life of the order, so long as the jurisdiction to modify is properly reserved in the decree. *See Morris v. Morris*, 148 Ohio St.3d 138, 2016-Ohio-5002, 69 N.E.3d 664, ¶ 57. Therefore, the double-dismissal rule of Civ.R. 41(A)(1) cannot divest the domestic-relations court of subject-matter jurisdiction over successive motions to terminate or modify spousal support. Accordingly, I concur in judgment only.

{¶ 11} We have explained that "a writ of prohibition 'tests and determines "solely and only" the subject matter jurisdiction' of the lower court." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73, 701 N.E.2d 1002 (1998), quoting *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409, 534 N.E.2d 46 (1988), quoting *State ex rel. Staton v. Franklin Cty. Common Pleas Court*, 5 Ohio St.2d 17, 21, 213 N.E.2d 164 (1965).

**{¶ 12}** As the majority acknowledges, appellees Judge Rosemary Grdina Gold and Magistrate Michelle C. Edwards have subject-matter jurisdiction over domestic-relations cases in general, R.C. 2301.03(L)(1) and 3105.011, and over postjudgment motions to terminate or modify spousal-support awards in particular, R.C. 3105.18(E) and (F). That should decide this case.

**{¶ 13}** The Modern Courts Amendment of 1968, Article IV, Section 5(B) of the Ohio Constitution, empowers this court to create rules of practice and procedure that "shall not abridge, enlarge, or modify any substantive right." Substantive rights are those recognized at common law or established by the Constitution or by statute, *Havel v. Villa St. Joseph*, 131 Ohio St.3d 235, 2012-Ohio-552, 963 N.E.2d 1270, ¶ 16, and "[i]t is well established that statutes establishing subject matter jurisdiction, which create and define the rights of parties to sue and be sued in certain jurisdictions, are substantive law," *Proctor v. Kardassilaris*, 115 Ohio St.3d 71, 2007-Ohio-4838, 873 N.E.2d 872, ¶ 18. Therefore, " '[i]f the statute is jurisdictional, it is a substantive law of this state, and cannot be abridged, enlarged, or modified by the Ohio Rules of Civil Procedure.' " *Id.*, quoting *Akron v. Gay*, 47 Ohio St.2d 164, 165-166, 351 N.E.2d 475 (1976).

**{¶ 14}** As we recently explained in *Morris*, "R.C. 3105.18 is the substantive law that controls whether a trial court has authority to modify an award of spousal support" and a court rule cannot limit or restrict that authority. 148 Ohio St.3d 138, 2016-Ohio-5002, 69 N.E.3d 664, at ¶ 30-32. It is not disputed that Judge Gold and Magistrate Edwards retained continuing jurisdiction in the underlying domestic-relations action. Accordingly, the double-dismissal rule of Civ.R. 41(A)(1) cannot deprive them of jurisdiction over a successive motion to terminate or modify spousal support.

**{¶ 15}** The court of appeals therefore correctly denied the writ.

————————————

Stafford Law Co., L.P.A., Joseph G. Stafford, and Nicole A. Cruz, for appellant.

Kronenberg & Belovich Law, L.L.C., and Jacob A. H. Kronenberg, for appellee Joseph J. Fradette Jr.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nora E. Poore, Assistant Prosecuting Attorney, for appellees Judge Rosemary Grdina Gold and Magistrate Michelle C. Edwards.

—————————