[Cite as *Vermilion Twp. Bd. of Trustees v. Novotny*, 2024-Ohio-2946.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Board of Trustees of Vermilion Township

      Appellee

v.

Brian E. Novotny, et al.,

      Appellant

Court of Appeals No.  E-23-039

Trial Court No.  2021-CV-0381


**DECISION AND JUDGMENT**

Decided:  August 2, 2024

* * * * *

Jason R. Hinners, for appellee.

Michael K. Ashar, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} This matter is before the court upon the appeal of defendant-appellant, Brian

E. Novotny, of the June 5, 2023 judgment entered by the Erie County Court of Common

Pleas, granting the motion for summary judgment of plaintiff-appellee, Board of Trustees

of Vermilion Township, on its complaint for injunctive relief. The trial court ordered

Novotny to comply with the Vermilion Township Zoning Resolution and enjoined

Novotny from operating his market 90 days from the date of the judgement until compliance with the resolution. For the reasons that follow, we affirm.

## II. Facts and Procedural History

{¶ 2} The matter began with the township's verified complaint, filed October 8, 2021, seeking abatement of a zoning violation for the premises at 15010 Haber Road in Vermilion, Ohio.

{¶ 3} Novotny operates a drive-through business that abuts residential property. The township zoning ordinance requires a screen or barrier to address noise and light concerns and prevent debris or trash from entering the residential property from the business. Novotny obtained a conditional use permit to construct and operate a drive-through business in 2016, and at that time, Novotny proposed a barrier of arborvitae, planted along the property line shared with the residential property as compliance with the screening/buffering requirement. However, Novotny did not install arborvitae or any other structure, but instead, stacked pallets along the property line.

{¶ 4} In early 2020, Novotny requested a variance, to exempt his property from the screening/buffering requirement. The board of zoning appeals (BZA) denied this request, and Novotny did not appeal the denial.

{¶ 5} In 2021, the township hired a new zoning inspector. On June 14, 2021, a notice of violation was personally served on Novotny. The notice rejected the stacked pallets as an acceptable screen or barrier and directed Novotny to install or erect the structure provided for in the zoning ordinance, specifically, a fence that complies with the

2.

ordinance. Novotny did not appeal this violation, but instead, attempted to negotiate alternatives with the zoning inspector. Novotny did not replace the pallet barrier he had been using.

{¶ 6} Months later, the township initiated the present suit, seeking injunctive relief to enforce the zoning requirement for a screen or buffer. The township alleged that Novotny failed to comply with the conditions that apply to his conditional use of the premises, as provided in Section 17.3.6(d) of the township Zoning Resolution, which specifies: "a completely opaque wall of at least six (6) feet high shall be provided when abutting or adjacent to any residential district."

{¶ 7} The township alleged Novotny was granted a conditional use certificate and "a number of variances" to operate his Novotny Farm Market, a drive-through market, but failed to install the required wall along abutting property. The township further alleged that the BZA denied Novotny's 2020 request for an additional variance, after public hearing, and Novotny filed no appeal of this decision. The township alleged that on June 14, 2021, the township served notice of a zoning violation and Novotny did not appeal this violation to the BZA or install the wall.

{¶ 8} The township attached exhibits to its complaint, including an affidavit of Robert Baker, the township zoning inspector, attesting to the notice of violation served on Novotny in 2021, and authenticating photographs and a copy of the violation notice attached to the pleading. The exhibits also included copies of the 2016 variance certificate and conditional use certificate, a copy of the variance application submitted by

3.

Novotny in 2020, the zoning board of appeals denial of the variance request in 2020, the notice of violation issued in 2021, and a certificate of service demonstrating service by process server upon Novotny of the notice of violation, dated June 14, 2021.

{¶ 9} The complaint sought injunctive relief pursuant to R.C. 519.24. The township requested a preliminary and permanent injunction, cessation of business at the market until Novotny complies, and an order requiring Novotny to comply with Zoning Resolution, Section 17.3.6 (d), as well as applicable Zoning Resolution sections governing placement of the wall, Section 17.6, 22.11, and 22.18.

{¶ 10} Novotny filed his answer and asserted counterclaims and a third-party complaint against the zoning inspector. His defenses included an attempted collateral attack on the zoning violation, never appealed, and laches. Additionally, Novotny alleged the zoning inspector was "new on the job and with no previous experience or qualifications" and "desired to make an example of Novotny" and wielded his authority arbitrarily and with a purpose to harass, embarrass, and humiliate Novotny. The township and building inspector filed a motion to dismiss the counterclaims and third-party complaint, which the trial court granted on January 21, 2022.[1]

{¶ 11} On February 3, 2023, the township moved for summary judgment, noting the underlying zoning history with Novotny, including a conditional use certificate and variances in 2016, Novotny's 2016 proposal to install a wall of arborvitae as a screen, his

---

[1] Novotny appealed this judgment. Upon Novotny's motion to voluntarily dismiss the appeal, we dismissed his appeal on June 30, 2022. Novotny's counterclaims and third-party complaint are not at issue in the present appeal.

4.

failure to install a wall of arborvitae, Novotny's 2020 request for a variance to exempt him from the screen requirement, the BZA's denial, and the eventual notice of violation in 2021, after Novotny placed stacked pallets in place of a wall or fence and insisted the pallets complied, despite notice to the contrary. The township argued that, because Novotny did not challenge the violation through an appeal to the BZA, the violation was final and not subject to collateral attack. The township supported the motion with properly authenticated documentation of the variance denial and notice of the zoning violation.

{¶ 12} On April 21, 2023, Novotny filed his opposition and cross motion for summary judgment. Novotny argued a personal vendetta and laches. He also claimed selective enforcement, noting other violations that were not enforced. Novotny argued the township trustees lacked authority to bring the action and that the BZA is the proper party to pursue the relief requested. Novotny then challenged the underlying violation, claiming he complied with all zoning requirements. Alternatively, Novotny claimed – without documentary support – that he appealed the notice of violation, and the appeal remained pending at the time of the township's suit.

{¶ 13} On May 5, 2023, the township filed its reply brief, highlighting Novotny's obligation to install compliant screening. The township refuted selective enforcement claims, noting other businesses who do not have the screening requirement are not similarly situated to Novotny's premises. The township also argued that R.C. 519.24

5.

authorizes suit and gives the township standing. The township denied there was an appeal of the zoning violation.

{¶ 14} In an order without opinion, the trial court granted the township's motion for summary judgment, denied Novotny's cross motion for summary judgment, and ordered Novotny to comply with the zoning requirement, as requested in the township's complaint.

{¶ 15} This appeal followed.

### III. Assignments of Error

{¶ 16} In challenging the judgment, Novotny asserts the following assignments of error:

Assignment of Error No. 1: The court below erred in applying statutory and zoning code requirements, to appellant's prejudice.

Assignment of Error No. 2: The court below erred and abused its discretion in disregarding the doctrine of laches defense to appellant's prejudice.

### IV. Analysis

{¶ 17} Novotny's assignments of error challenge the trial court's interpretation of the statute and zoning code requirements and raise the doctrine of laches as a bar to the injunctive relief sought by the township. In his first assignment of error, Novotny argues that his stacked pallets satisfy the screening/buffering requirements as stated in the township zoning ordinances, construing the ambiguities in the ordinances in his favor. He further contends that the ordinances are an unlawful restriction on his property rights. In

6.

his second assignment of error, Novotny argues the trial court disregarded his affirmative defense of laches. He characterizes the township's suit as "a case of abuse of governmental regulatory authority" and argues he has been "falsely accused" of defying the zoning code.

{¶ 18} In response, the township argues the evidence of the zoning violation, including the zoning inspector's determination that Novotny's action, relative to the required placement of a wall or barrier, was found to be noncompliant and Novotny failed to bring his property into compliance as directed. The township further notes that Novotny never appealed the violation determination to the BZA. As to laches, the township argues that the doctrine of laches does not apply to bar its suit for injunctive relief to enforce the zoning ordinance.

{¶ 19} The issue on appeal concerns injunctive relief to enforce a zoning ordinance. This matter is not a review of an administrative appeal of the zoning violation. The township filed the action pursuant to R.C. 519.24, which provides, in pertinent part:

> In case … any land is or is proposed to be used in violation of sections 519.01 to 519.99, inclusive, of the Revised Code, or of any regulation or provision adopted by any board of township trustees under such sections, such board, the prosecuting attorney of the county, the township zoning inspector, or any adjacent or neighboring property owner who would be especially damaged by such violation, in addition to other remedies provided by law, may institute injunction, mandamus, abatement, or any other appropriate action or proceeding to prevent, enjoin, abate, or remove such unlawful location, erection, construction, reconstruction, enlargement, change, maintenance, or use. …

7.

Therefore, while Novotny devotes much of his argument to the validity of the violation notice, the issue before this court is the trial court's judgment granting injunctive relief under R.C. 519.24.

{¶ 20} Pursuant to R.C. 519.24, the township trustees sought an injunction to prevent Novotny from violating Zoning Resolution, Section 17.3.6 (d), as well as applicable Zoning Resolution sections governing placement of the wall, Section 17.6, 22.11, and 22.18. "Because R.C. 519.24 provides a statutory remedy, the township is not required to establish the requirements for an injunction under Civ.R. 65." *Benton Twp. v. Rocky Ridge Dev., LLC,* 2020-Ohio-4162, ¶ 36 (6th Dist.), citing *Ghindia v. Buckeye Land Dev., L.L.C.*, 2007-Ohio-779, ¶ 19 (11th Dist.). To merit injunctive relief, however, the township must demonstrate a violation by clear and convincing evidence. *Id.,* citing R.C. 519.24 (additional citations omitted.).

{¶ 21} The township filed a motion for summary judgment regarding the alleged violation, which the trial court granted. We employ the same standard for summary judgment as the trial court on appeal. *Clinton Twp. Bd. of Trustees v. Yackee,* 2003-Ohio-5180, ¶ 14 (6th Dist.), citing *Lorain Natl. Bank v. Saratoga Apts.* 61 Ohio App.3d 127, 129 (9th Dist.1989). Summary judgment may only be granted where the evidence demonstrates "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed

8.

most strongly in his favor." *Yackee* at ¶ 14, quoting *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 67 (1978), Civ.R. 56(C).

{¶ 22} Once the township establishes a violation by clear and convincing evidence, the trial court has discretion to grant or deny injunctive relief. *Benton Twp. v. Rocky Ridge Development, LLC,* 2020-Ohio-4162, ¶ 36 (6th Dist.), citing R.C. 519.24; *Spencer Twp. Bd of Trustees v. Dad's Auto Parts, LLC,* 2010-Ohio-2253, ¶ 21 (6th Dist.); *Swan Creek Twp. v. Wylie & Sons Landscaping,* 2006-Ohio-584, ¶ 23 (6th Dist.) We review the trial court's determination regarding injunctive relief, accordingly, for an abuse of discretion. *Benton Twp.* at ¶ 36, citing *Garono v. State,* 37 Ohio St.3d 161, 173 (1988), citing *Perkins v. Village of Quaker City,* 165 Ohio St. 120 (1956), at the syllabus. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

{¶ 23} Novotny's argument on appeal is two-fold: he argues error in the granting of summary judgment because the facts demonstrated that he was in compliance, but he also argues the doctrine of laches as a bar to the township's suit under R.C. 519.24. Because Novotny's argument regarding laches is potentially dispositive, we address his argument regarding laches, first.

### A. The doctrine of laches does not apply to bar injunctive relief to enforce a zoning resolution.

{¶ 24} In his second assignment of error, Novotny argues the township should be estopped from seeking injunctive relief to enforce the zoning violation based on the doctrine of laches. "To successfully invoke the defense of laches, a party must show that

9.

the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting the claim. Moreover, material prejudice will not be inferred from a mere lapse of time." (Citation omitted) *State ex rel. Casale v. McLean*, 58 Ohio St.3d 163, 165 (1991).

{¶ 25} The township argues that the doctrine of laches does not apply to governmental entities performing a governmental function. More accurately, "laches is *generally* not available against government entities." (Emphasis added) *Portage Cty. Bd. of Commrs. v. Akron,* 2006-Ohio-954, ¶ 81, citing *Ohio State Bd. of Pharmacy v. Frantz,* 51 Ohio St.3d 143, 146 (1990), citing *Ohio Dept. of Transp. v. Sullivan,* 38 Ohio St.3d 137, 139 (1988). "The principle that laches is not imputable to the government is based upon the public policy in enforcement of the law and protection of the public interest." *Frantz* at 146, citing *Lee v. Sturges,* 46 Ohio St.153, 176 (1889) (additional citation omitted.).

{¶ 26} In arguing laches, Novotny references only the township's "inordinate delay," without any argument relative to a material prejudice resulting from delay. Novotny's supporting authority, moreover, is distinguishable from the present case.

{¶ 27} Novotny relies on *Jefferson Regional Water Authority v. Montgomery Cty.,* 2005-Ohio-2755 (2d Dist.) as a case supporting his laches defense. In *Jefferson Regional Water Authority,* however, the doctrine of laches applied to bar the governmental authority's suit because the property owner demonstrated material prejudice arising from the authority's delay. In that case, the Jefferson Township regional water authority

10.

informed the property owner that it could not deliver the water service necessary to support the fire suppression system for the proposed facility. *Id.* at ¶ 2. The property owner approached Montgomery County about providing water service, and that county "agreed to make the necessary changes so that it could provide the requested water services to the new facility." *Id.* at ¶ 3.

{¶ 28} In January 2001, the water authority knew about construction of the facility and that Montgomery County would provide the water, and in May 2001, the water authority informed Montgomery County that the water authority could not meet the fire-suppression needs of the facility. *Id.* at ¶ 4. After the property owner completed construction on the facility, which included a water tower constructed by Montgomery County, the water authority filed suit against the property owner, asserting a right to provide the water services to the property owner. *Id.* The property owner sought dismissal, arguing the water authority's claims were barred by laches. The trial court dismissed the suit and the water authority appealed. *Id.* at ¶ 8.

{¶ 29} The Second District Court of Appeals determined the doctrine of laches barred the water authority's suit, noting the delay that caused material prejudice to the property owner. The Court noted that construction was complete by the time the water authority filed its claim, without any explanation for the delay in asserting its rights. Furthermore, had the water authority approached the property owner sooner, before construction was complete, the matter could have been resolved. *Id.* Specifically, the

11.

Second District reasoned:

> But the authority never stated that it wanted to provide the water services and that it was willing to make the necessary changes to its infrastructure in order to provide the water service until the filing of its complaint. At this point, because the construction of the facility has been completed, to stop Montgomery County from providing water service when the authority does not have the facilities to provide water service would leave the facility without adequate water service, possibly resulting in the loss of a tenant … and the loss of a tax-paying business for [the property owner].

*Jefferson Regional Water Authority* at ¶ 8.

**{¶ 30}** Unlike the property owner in *Jefferson Regional Water Authority,* Novotny presented no facts or evidence to support his claim of laches beyond the township's delay in enforcing the zoning ordinances. Significantly, Novotny claims no facts that demonstrate material prejudice. Instead, the record shows that Novotny took no action and never changed his position regarding compliance. Novotny declined to plant a row of arborvitae as originally suggested, and when given notice that his stacked pallets did not satisfy the requirements of a screen or barrier, refused to replace the pallets and also failed to appeal this adverse decision by the BZA. Novotny continued to operate despite receiving notice that he was in violation of the zoning ordinances. Therefore, considering the record, Novotny failed to demonstrate material prejudice, necessary to assert a laches defense and the trial court correctly disregarded this defense in entering judgment for the township.

**{¶ 31}** Novotny's second assignment of error, accordingly, is found not well-taken.

12.

**B. The township presented clear and convincing evidence of a zoning violation.**

{¶ 32} In his first assignment of error, Novotny argues the trial court incorrectly construed the township zoning ordinances in determining the existence of a violation. To merit summary judgment, the township was required to support its motion for summary judgment with clear and convincing evidence. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 33} The township filed suit to enforce the zoning ordinances, pursuant to R.C. 519.24. The specific ordinances are Zoning Resolution Sections 17.3.6 (d), 17.6, 22.11, and 22.18. These Sections provide, in pertinent part:

**17.3 Conditionally Permitted Uses**

**6.** Any business of a drive-in nature or so called open front store or open air business, subject to the following conditions:
…
**d**. A completely opaque wall at least six (6) feet high shall be provided when abutting or adjacent to any residential district.

**17.6 Screening/Buffering**

To assist in the prevention of the transmission of light and noise from within any commercial district into any abutting residential district, screen shall be required where such district abuts or is contiguous to any residential district, without an intervening alley or other public way. Such screening shall be provided within the commercial district, but not within a

13.

public street or alley, along the entire contiguity of said districts. Screening shall be of opaque or translucent materials, resistant to deterioration by natural causes, or it shall be of such plant materials as will provide a year round evergreen screening. Screening as provided herein shall not be less than six (6) feet in height, shall be provided from the grade of the property upward and shall be permanently maintained. A minimum of a one hundred (100) foot buffer shall be provided adjacent to residential districts.

### 22.11 Fences, Walls and Other Effective Barriers

All fences of any type or description shall conform to the following requirements:
1. GENERAL
a. A zoning certificate is required for the erection, construction or alteration of any fence, wall, mound or other type of protective barrier which shall conform to the requirements of the zoning districts wherein they are required because of land use development and to the requirements of this section.

### 22.18 Screening/Buffering

A landscaping area may be required to screen and protect neighboring properties and passing motorists from the view of its facilities, buildings and parking areas of the site development, as warranted. Landscaped areas are subject to the following:
1. Screening shall be provided for one or more of the following purposes:
    a.   A visual barrier to partially or completely obstruct the view of structures or activities.
    b.   An acoustic screen to aid in absorbing or deflecting noise.
    c.   A physical barrier to contain debris and litter.
2. Screen may consist of one of the following, or a combination of two or more, as determined by the Zoning Inspector or Board of Zoning Appeals, in the event of an appeal, variance or condition use:
    a.   A solid masonry wall;
    b.   A solidly constructed decorative fence;
    c.   A louvered fence;
    d.   A dense vegetative planting;
    e.   A landscaped mounding.

{¶ 34} The notice of violation, served on Novotny in June 2021, clearly noted

denial of his variance request on March 10, 2020, and stated the township was strictly

14.

enforcing the buffering requirement. The township notified Novotny that the "row of stacked pallets and pallets with stock (mulch) along [the] property line" did not satisfy the required screening/buffering as identified within Section 22.18.2 of the Zoning Resolution and did not comply with the specifications for screening as stated within Section 17.3.6(d) of the Zoning Resolution. The notice also included language regarding Novotny's right to appeal the violation, stating, "You have the right to appeal this Order. In accordance with Vermilion Township Zoning Resolution 32-10 Section 7.1, such appeal shall be taken with twenty (20) days of the date of receipt of this Order."

{¶ 35} Novotny did not appeal the zoning violation, and after he failed to correct the violation, the township filed suit seeking injunctive relief. Novotny attempted to raise defenses to the violation, including selective enforcement, despite having pursued no administrative appeal of the violation. His failure to pursue an administrative appeal to challenge the zoning violation, however, precludes his defenses or collateral attack on the violation.

{¶ 36} "A decision of an administrative body which is not timely appealed, see R.C. 2506.01 and 2506.07, becomes final and immune from collateral attack from all but jurisdictional defects." *Yackee* at ¶ 19, citing *Holiday Homes, Inc. v. Butler Cty. Bd. of Zoning Appeals*, 35 Ohio App.3d 161, 168 (12th Dist.1987). Novotny does not challenge any jurisdictional defect on appeal. Furthermore, the township has jurisdiction to seek injunctive relief pursuant to statute. *See* R.C. 519.24. Therefore, any defenses raised by

Novotny could have been asserted in a BZA hearing or an appeal from the final decision of the BZA.

{¶ 37} Novotny's failure to challenge the violation through the available administrative process precludes his challenge to the violation in the present case, as the doctrine of res judicata is applicable to determinations made by the BZA. *Yackee* at ¶ 18, citing *Wade v. City of Cleveland*, 8 Ohio App.3d 176, 178 (8th Dist.1982); *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995); *see also Portage Twp. Bd. of Trustees v. McNulty,* 1996 WL 339931 (6th Dist. June 21, 1996) (failure to appeal the BZA's action precluded collateral attack in suit for injunctive relief to enforce BZA action).

{¶ 38} Thus, the only issue before the trial court was whether the township established a violation. In support of summary judgment, the township presented authenticated, documentary evidence of the zoning requirements, Novotny's failure to comply by establishing the required barrier or screen, and the violation notice issued to Novotny. In response, Novotny presented the same violation notice as evidence, and rather than dispute the violation notice, asserted a collateral attack on the violation, arguing the township's enforcement activities against him were unlawful or amounted to selective enforcement, supported by his own affidavit that acknowledged the screening/buffering requirements and challenged the fairness of imposing such requirements on his business.

{¶ 39} Accordingly, as Novotny acknowledged the violation and is barred from asserting defenses that could have been raised in an administrative appeal, we find no

16.

disputed issues of fact concerning the violation, and construing the evidence most favorably for Novotny, the township demonstrated the violation by clear and convincing evidence.

{¶ 40} We find Novotny's first assignment of error not well-taken.

## Conclusion

{¶ 41} Finding substantial justice has been done, we affirm the judgment of the Erie County Court of Common Pleas. Appellant is ordered to pay the costs of the appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.

_____
JUDGE

Myron C. Duhart, J.

_____

Charles E. Sulek, P.J.
CONCUR.

JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.