[Cite as *Russell Twp. Bd. of Trustees v. 7722 Fairmount, L.L.C.*, 2024-Ohio-5871.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| RUSSELL TOWNSHIP<br>BOARD OF TRUSTEES, | CASE NO. 2024-G-0026 |
| Plaintiff-Appellee, | Civil Appeal from the<br>Court of Common Pleas |
| - vs - | |
| 7722 FAIRMOUNT LLC, | Trial Court No. 2022 M 000380 |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: December 16, 2024
Judgment: Reversed

*James R. Flaiz*, Geauga County Prosecutor, and *Susan T. Wieland*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Donald Brett Bryson*, Bryson Law, LLC, P.O. Box 372, Novelty, OH 44072 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, 7722 Fairmount LLC, appeals the judgment of the Geauga County Court of Common Pleas, granting summary judgment in favor of plaintiff-appellee Russell Township Board of Trustees. For the following reasons, we reverse the decision of the court below.

{¶2} On July 5, 2022, the Board of Trustees filed a Complaint for Injunctive Relief against 7722 Fairmount, "to compel Defendant to comply with the regulations of the Russell Township Zoning Resolution." The Complaint further alleged: "Defendant is

permitting the residential dwelling and real property located at 7722 Fairmount Road to be used as a short term rental property in violation of Sections 4.7(A) and 5.2 of the Russell Township Zoning Resolution."

{¶3} Both parties moved for summary judgment.

{¶4} On April 26, 2024, the trial court ruled in favor of the Board of Trustees. With respect to the claim that 7722 Fairmount was in violation of Section 4.7(A), the court was "unable to conclusively determine whether there [was] a violation" and, accordingly, denied both parties' Motions as to Section 4.7(A). The court did find 7722 Fairmount to be in violation of Section 5.2(A)(1) "by its use of the structure as a multifamily dwelling via rental of the [mother-in-law] suite," and in violation of Section 5.2(A)(2) "by employing non-residents in the rental occupation of the dwelling." Additionally, the court rejected 7722 Fairmount's argument that the "violations are cured by the agritourism exception." In these respects, judgment was granted to the Board of Trustees.

{¶5} On May 23, 2024, 7722 Fairmount filed a Notice of Appeal. On appeal, 7722 Fairmount raises the following assignments of error:

> [1.] The trial court committed prejudicial error in denying the defendant-appellant's, 7722 Fairmount LLC's ("owner's") motion for summary judgment, where the court found that permit-related documents from local zoning, building, and public health authorities listing plumbing and building work consistent with a lawful conversion to permanent habitable space under the Russell Township Zoning Resolution ("RTZR") are not sufficient evidence of such conversion; that the owner's short-term overnight hosting activity is not a permissible home occupation under the RTZR, since overnight guests, who have paid to book their stay, are non-residents "employed in" the home occupation; and that the owner's hosting activity in its mother-in-law suite constitutes prohibited "multifamily use".
>
> [2.] The trial court committed prejudicial error in granting plaintiff-appellee's, Russell Township Board of Trustees' (the "Township's"),

2

motion for summary judgment, because the Township failed to demonstrate that there is no genuine issue of material fact regarding the owner's presented legal defenses (apart from agritourism) or that the Township is entitled to judgment as a matter of law on those theories, and because it erroneously applied the "incident to" standard of R.C. § 519.21(A) to the owner's agritourism under R.C. 519.21(C)(4).

{¶6} The assignments of error will be considered in a consolidated fashion.

{¶7} "In case any building is or is proposed to be … used or any land is or is proposed to be used in violation of sections 519.01 to 519.99, inclusive, of the Revised Code, or of any regulation or provision adopted by any board of township trustees under such sections, such board … may institute [an] injunction … action or proceeding to prevent, enjoin, abate, or remove such unlawful … use." R.C. 519.24. "R.C. 519.24 thus creates a cause of action against a landowner who uses or proposes to use his land in violation of any of the provisions [of] R.C. Chapter 519 or any township zoning resolution." *Ghindia v. Buckeye Land Dev., L.L.C.*, 2007-Ohio-779, ¶ 19 (11th Dist.). "To merit injunctive relief, however, the township must demonstrate a violation by clear and convincing evidence." *Bd. of Trustees of Vermilion Twp. v. Novotny*, 2024-Ohio-2946, ¶ 20 (6th Dist.).

{¶8} The Supreme Court of Ohio has endorsed the following principles as applicable to the application of township zoning law:

> "[A]ll zoning decisions, whether on an administrative or judicial level, should be based on the following elementary principles which underlie real property law. Zoning resolutions are in derogation of the common law and deprive a property owner of certain uses of his land to which he would otherwise be lawfully entitled. Therefore, such resolutions are ordinarily construed in favor of the property owner. Restrictions on the use of real property by ordinance, resolution or statute must be strictly construed, and the scope of the restrictions cannot be extended to include limitations not clearly prescribed." (Citations omitted.) *Saunders v. Clark Cty. Zoning*

3

> *Dept.* (1981), 66 Ohio St.2d 259, 261, 20 O.O.3d 244, 421 N.E.2d 152. Furthermore, exemptions from restrictive zoning provisions are to be liberally construed. *State ex rel. Moore Oil Co. v. Dauben* (1919), 99 Ohio St. 406, 124 N.E. 232, paragraph one of the syllabus.

*Terry v. Sperry*, 2011-Ohio-3364, ¶ 19.

{¶9} Summary judgment is appropriate when "there is no genuine issue as to any material fact and … the moving party is entitled to judgment as a matter of law," i.e., when "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." Civ.R. 56(C). An appellate court's "review of a summary-judgment ruling is de novo." *Fradette v. Gold*, 2019-Ohio-1959, ¶ 6.

{¶10} In the present case, 7722 Fairmount is located in an R-5 Residential Zone. The Russell Township Zoning Resolution provides: "All other uses not specifically permitted in each of the zone districts as regular or conditional use are hereby prohibited." Section 4.7(U). For residential zones, "[p]ermitted uses" include "[a] single one-family dwelling per lot," "[a]gricultural uses," and certain "[p]ublic uses." Section 5.2(A)(1). The Russell Township Zoning Resolution defines a "dwelling unit" as the "[s]pace within a building comprising living and/or dining and sleeping rooms and space for cooking, bathing and toilet facilities all of which are used by only one (1) family for residential occupancy." Section 2.1. "Family" is defined, in relevant part, as "[o]ne (1) or more persons related by blood, adoption, guardianship or marriage, living together, exclusive of live-in hired employees." *Id.*

{¶11} Additionally, included among permitted "[a]ccessory uses," are: "Home occupations, provided such uses shall occupy not more than thirty (30) percent of the

4

Case No. 2024-G-0026

total floor area of the dwelling, and no persons not resident within the dwelling shall be employed in such use." Section 5.2(A)(2). The Zoning Resolution defines "home occupation" as "[a] trade, profession or business conducted on residential property." Section 2.1.

{¶12} Suzyn Fortner is the sole member of 7722 Fairmount LLC. In an affidavit submitted in support of summary judgment, Fortner stated:

> 1. The property at 7722 Fairmount Road, Novelty, Ohio 44072 (the "Property"), contains a single residential structure, the home within which only I and my family members reside.
>
> 2. Within the home, at its northeast corner, is a mother-in-law suite (the "Suite") where I host short-term guests referred via AirBnB, VRBO, and word of mouth. The Suite shares a laundry room with the rest of the home. When not hosting guests, my family and I occupy the entire house.

{¶13} Based on the foregoing, the trial court concluded that, "[w]hile the structure may constitute a 'single dwelling,' the Owner is undeniably using [the] same for multifamily use." The court reasoned that overnight guests at 7722 Fairmount "would naturally engage" in "living, dining, sleeping, cooking, bathing, etc." which are all uses limited by the definition of a dwelling unit to "only one (1) family for residential occupancy." The trial court's analysis of whether 7722 Fairmount is used as a single one-family dwelling is not satisfactory. The court's reasoning would, if applied strictly, prohibit all overnight guests regardless of whether they were renters or merely social guests. Moreover, the definition of a dwelling unit identifies activities such as living and dining within the context of "residential occupancy." This term is undefined by the Zoning Resolution and, in its common understanding, may or may not encompass temporary occupancies such as short-term rentals. Stated otherwise, it is not at all certain whether guests, whether paying

5

or not, should be considered residential occupants. 7722 Fairmount notes, in its supporting affidavits, that the short-term guests "(1) do not intend to occupy it as their residence; (2) do not receive their mail there; (3) do not place utilities serving [it] (such as gas or electric service in their names); (4) do not enroll their children in [the] district serving the location of the Suite; and (5) does not show the Suite's address [as their] residence on their driver's licenses or other government IDs." In light of the principle that zoning resolutions are to ordinarily be construed in favor of the property owner, we conclude that the Board of Trustees has failed to demonstrate that 7722 Fairmount has violated the provision limited use to single one-family dwellings.

{¶14} The trial court relied on this court's decision in *Marra v. Auburn Twp. Zoning Inspector*, 2020-Ohio-6678 (11th Dist.), for the proposition that "listing a residential home for the transient use of large groups or for small groups while Ms. Marra remains in the home does not qualify as 'single-family dwelling' use." *Id.* at ¶ 33. That "decision," however, "was reached by applying the definitions of 'family' and 'dwelling' in the [Zoning] Resolution." *Id.* Notably, the Auburn Zoning Resolution's definition of dwelling did not include the qualification that the use be for "residential occupancy." Rather, Auburn's definition provided that a "dwelling" is "[a]ny building or structure … which is wholly or partly used or intended to be used for living or sleeping by one or more human occupants." *Id.* Inasmuch as the definition of dwelling in *Marra* is different from the definition in the Russell Township Zoning Resolution, its holding is of limited relevance to the present case.

{¶15} *Marra* is also distinguishable procedurally. In contrast to the present case, *Marra* was an administrative appeal from a notice of violation issued by the township

6

zoning inspector. While the decision of the lower court is shown no deference under the de novo standard of review applicable here, in an administrative appeal the lower court is shown considerable deference. "[T]he standard of review for courts of appeals in administrative appeals is designed to strongly favor affirmance," so that reversal is permitted "only when the common pleas court errs in its application or interpretation of the law or its decision in unsupported by a preponderance of the evidence as a matter of law." (Citation omitted.) *Id.* at ¶ 21. In *Marra*, moreover, the appellant failed to attend the board of zoning appeals hearing on her appeal and so forfeited the opportunity to challenge the evidence presented by the board. *Id.* at ¶ 26. 7722 Fairmount, in contrast, presented significant evidence in support of its contentions. Accordingly, we do not find *Marra* controlling in the present case.

{¶16} We further find, as a matter of law, that short-term rentals such as those 7722 Fairmount engages in constitute a "home occupation," and thus a permissible accessory use. The Russell Township Zoning Resolution defines "home occupation" broadly as a business conducted on residential property with certain conditions. 7722 Fairmount's short-term rental is a business conducted on residential property. The trial court, however, determined that 7722 Fairmount did not meet the conditions. It noted that "no persons not resident within the dwelling shall be employed in such use," but concluded that, "[t]o the contrary, nonresident guests are employed in such use, as without them there would be no such occupation, i.e., short-term rental."[1] We do not find this interpretation reasonable. Overnight guests renting rooms or living space are not

_____

1. We note that the trial court appears to contradict itself inasmuch as the overnight guests are residents for the purposes of converting the dwelling into a multifamily use but not residents for the purposes of home occupation.

7

Case No. 2024-G-0026

employed in renting the property anymore than a lady having her hair done would be employed in the use of a residence as a beauty parlor. In another affidavit submitted in support of summary judgment, Fortner stated that "[t]he Suite, where I host short-term guests, takes up less than thirty percent of the area of my dwelling." Furthermore: "Only I or my spouse or children (all of whom reside at the [sic] furnish, decorate, clean, and restock consumables in the Suite, nor is anyone else in any other way in the home business of hosting short-term guests. The only manufacture, store, display, or sell is the agricultural product of the farm, honey." On these points, Fortner's affidavit is uncontradicted. As there is no triable issue as to whether 7722 Fairmount is in violation of Section 5.2(A) of the Russell Township Zoning Resolution, it is entitled to judgment.

{¶17} We now consider 7722 Fairmount's argument that it was entitled to judgment on the issue of whether it violated Section 4.7(A) of the Russell Township Zoning Resolution. That Section establishes the following as a prohibited use:

> Barns, garages, tents, or temporary or demountable structures or facilities shall not be utilized for residential purposes, unless properly redesigned and converted to permanent habitable floor area in accordance with all applicable building, zoning, and health regulations.

{¶18} The trial court described the determinative question as whether the mother-in-law suite contains "permanent habitable floor area," defined, according to the Ohio Administrative Code 3701-16-14(A), as "the clear floor area of a bedroom or resident unit and the floor area occupied by the usual room furniture, such as beds, chairs, sofas, dressers, and tables and does not include areas partitioned off in the bedroom or resident unit such as closets and toilet rooms." The court found that "[t]he evidence in support of

8

'permanent habitable floor area' is lacking such that the Court is unable to determine if the building meets this definition." Again, we find the court's analysis deficient.

{¶19} The mother-in-law suite is described in the marketing materials thus: "Cottage is fully furnished (incl linens and kitchen), clean and uncluttered, and pet and kid-friendly. Sleeps up to 8 with a variety of sleeping accommodations-incl a King in the master, a Queen in the sleeping alcove, and 2 Twins in the sleeping loft which opens to the great room below and a pullout Q sofa bed." Photographs of the interior of the suite/cottage were attached to the Board of Trustee's Reply to Defendant's Motion for Summary Judgment and depict habitable floor areas. One of Fortner's affidavits states that the suite is connected to the main residence by a "breezeway" which "is not a covered exterior walkway, but is in fact a finished interior hallway of the home." Attached to another one of her affidavits is a zoning certificate for construction: "ADDITION - CONNECTING ROOM TO EXISTING BUILDING. ISSUED FOR RESIDENTIAL PURPOSES. NOT TO BE DOUBLE FAMILY RENTAL USE." We further note that there is no evidence that the mother-in-law suite was ever a barn, garage, tent, or a temporary or demountable structure or facility that required redesign or conversion to permanent habitable floor area. Given the foregoing, reasonable minds can only conclude that the suite does not violate Section 4.7(A) and 7722 Fairmount is entitled to judgment on this issue.

{¶20} Given the determination that 7722 Fairmount is not in violation of Sections 4.7(A) and 5.2 of the Russell Township Zoning Resolution, the additional arguments raised by 7722 Fairmount are rendered moot.

{¶21} The assignments of error are with merit.

9

Case No. 2024-G-0026

{¶22} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas, granting summary judgment in favor of the Russell Township Board of Trustees is reversed and judgment is entered in favor of 7722 Fairmount LLC. Costs to be taxed against the appellee.

EUGENE A. LUCCI, P.J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2024-G-0026